HOBSON, Judge.
Ester and Lawrence Fried purchased two mobile home lots and five new mobile homes from Florando Investment Corporation (Florando) in 1973. The total purchase price was $106,591, and the Frieds made a $21,706 down payment. The $84,885 balance was represented by two promissory notes from the Frieds to Florando, secured by purchase money mortgages on each lot. The Frieds never made a mortgage payment, and in 1978, Florando initiated foreclosure actions on each mortgage. The Frieds filed two affirmative defenses: fraud and misrepresentation on the part of Florando, and violation of Florida securities law, chapter 517, Florida Statutes (1977). Prior to trial, the Frieds sold one of the lots (Lot 88) and one mobile home thereon to a third party for $15,000.
After a nonjury trial, the court entered a final judgment holding that Florando, through its sales agent, had induced the Frieds to enter the transaction by fraud, deceit and misrepresentation. The court further held that the sale of the lots, coupled with the rental arrangement, constituted the sale of unregistered securities, in violation of chapter 517, Florida Statutes.
The final judgment denied Florando enforcement of the notes and mortgages and held them to be null and void. It ordered Florando to endorse the titles to the mobile homes so that the Frieds would own them free and clear. Finally, the court awarded the Frieds $9,305.25 in rental income, plus any additional sums collected, along with court costs of $97.55.
*15 Florando does not appeal the portion of the final judgment which ruled in favor of the Fried’s affirmative defenses. The only issue raised in this appeal is the correctness of the trial court’s choice of remedies. The two choices considered by the court were: 1) to rescind the transaction and place the parties back in their original positions, or 2) to leave the parties where the court found them. Florando argues that the effect of the court’s decision to leave the parties where it found them is to give the Frieds possession of the lots and mobile homes for which they made only a $21,706 down payment and to forgive the mortgage payments with accrued interest amounting to approximately $165,000. Further, the Frieds retain the benefit of all rentals earned, an amount in excess of $9,000.
Florando urges this court to reverse the portion of the final judgment which provided an inequitable remedy and order the entire transaction rescinded in order to place the parties back in their initial respective positions. In that event, the Frieds would be required to tender back the property and be reimbursed by Florando for the down payment, unpaid rental fees, interest, court costs and attorney fees.
Although it is within the discretion of the trial court to formulate equitable remedies, we are of the opinion that the remedy evidenced in the final judgment is unduly harsh. We agree that Florando cannot be allowed to profit from an illegal transaction induced by fraud and misrepresentation. Rescission precludes this result.
We hold that the trial court abused its discretion in leaving the parties where it found them under the facts of this case. We reverse the final order and remand the cause in order that the trial court may rescind the entire transaction and devise a formula by which the parties will be placed, as nearly as possible, in their original respective positions. In so doing, the trial court shall allow the sale of Lot 88 to stand and reduce the amount that Florando owes the Frieds by the amount of the purchase price received or to be received by the Frieds from the third party.
REVERSED and REMANDED.
SCHEB, C. J., and CAMPBELL, J., concur.