ON MOTION FOR REHEARING
DAUKSCH, Judge.
The motion for rehearing is granted. The decision filed in this case on October 9, 1984 is withdrawn, and the following opinion is substituted.
This is an appeal, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), from a non-final order granting a preliminary injunction. Jurisdiction is based on Article V, section 4(b)(1), Florida Constitution.
Appellant, Wisconsin Real Estate Investment Trust (WREIT), the fee simple owner of certain real property, entered into a lease on August 29, 1980 with appellee Rouse providing for a one-year term with two options to extend for one year. Rouse claims that there was an oral modification of this agreement in October, 1981 providing for a five-year extension of the lease commencing May 1, 1982. Nevertheless, Rouse exercised his second one-year option in July, 1982. Instead of vacating the property when the second option year ended, Rouse brought the instant action alleging the validity of either the five-year oral modification or of an oral agreement allegedly reached in July, 1983 extending Rouse’s lease an additional year.[1] Two days later, WREIT instituted eviction proceedings against Rouse in county court.
The preliminary injunction prohibits WREIT from interfering with Rouse’s possession of the property and from interfering with Rouse’s utilization on the property of an alcoholic beverages license owned by a non-party to this action. The trial court erred in issuing the preliminary injunction because no evidence was adduced at the hearing below that Rouse would suffer irreparable injury if the injunction did not issue. Because Rouse filed a notice of lis pendens, if his claim of a valid oral lease is correct, there would be no interference with his possession even had WREIT sold the property as it desired. Certainly Rouse will suffer no irreparable injury in defending an eviction proceeding in county court. The facts Rouse alleges in support of the preliminary injunction are available as defenses in the eviction action, and since county courts have exclusive jurisdiction in landlord and tenant actions, the circuit court exceeded its jurisdiction in enjoining WREIT’s eviction action. See Palm Corporation v. 183rd Street Theatre Corporation, 344 So.2d 252 (Fla. 3d DCA *291 1977), cert. den., 355 So.2d 516 (Fla.1978) (trial court erred in enjoining prosecution of eviction action in county court where facts supporting the injunction could be pleaded as defenses in the eviction proceeding). Additionally, the court failed to require a bond in accordance with Florida Rule of Civil Procedure 1.610(c).
For these reasons, we reverse the amended order for preliminary injunction and remand the cause for further proceedings in the lower tribunal.
EEVERSED and REMANDED.
COBB, C.J., and COWART, J., concur.

. The circuit court based the preliminary injunction exclusively on the alleged five-year oral modification.