467 So.2d 474 (1985)
John J. TOROK, Appellant,
v.
BLUE SKIES MOBILE HOME OWNERS ASSOCIATION, INC., etc., et al., Appellee.
No. 84-658.
District Court of Appeal of Florida, Fifth District.
April 18, 1985.
Thomas S. Hart, Dunn, Smith, Withers & Hart, Daytona Beach, for appellant.
Richard J. Osterndorf, Daytona Beach, for appellee.
SHARP, Judge.
Torok, the owner and manager of the Blue Skies Mobile Home Park, appeals from two orders of the trial court granting injunctive relief against him on behalf of appellee, Blue Skies Mobile Home Owners Association, Inc. We have jurisdiction. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(B). Because of substantial failures to comply with Florida Rule of Civil *475 Procedure 1.610, we quash both injunctive orders and remand this cause for further proceedings.
The first order was a temporary restraining order issued without notice and without the presence of appellant. No affidavits were filed; the pleadings were not verified; and the attorney for appellee failed to certify that efforts had been made to give notice to appellant. Rule 1.610(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition and;
(B) the movant's attorney certifies in writing any efforts that have been made to give notice and;
(C) the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary restraining order unless the adverse party appears at the hearing... .
In addition, the temporary restraining order failed to show the date and hour of entry, define the injury, and give reasons why it was entered without notice.[1]
When appellant learned of the temporary restraining order, he moved to dissolve it, and a hearing was held which both parties attended, represented by counsel. No evidence was presented nor testimony given. Nevertheless, the trial court entered a second order imposing injunctive relief, which both parties concede was, in fact, a preliminary injunction. No bond for either order was required by the court.[2]
Pursuant to Rule 1.610(b)(3), a party who obtains a temporary restraining order without notice, must file a motion for a preliminary injunction, which shall be set at the "earliest possible time." Lingelbach's Bavarian Restaurants, Inc. v. Del Bello, 467 So.2d 476 (Fla. 2d DCA 1985). At that hearing, the applicant for injunctive relief must go forward with proofs sufficient to establish a prima facie showing of its right to such relief. Del Bello; Wisconsin Real Estate Investment Trust v. Rouse, 466 So.2d 289 (Fla. 5th DCA 1984); cf. Ladner v. Plaza Del Prado Condominium Association, Inc., 423 So.2d 927 (Fla. 3rd DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983); Russell v. Florida Ranch Lands, Inc., 414 So.2d 1178 (Fla. 5th DCA 1982). Failure to do so requires the court to dissolve the temporary restraining order. Even assuming that the hearing on appellant's motion to dissolve was, by agreement or otherwise, treated by the parties and the trial court as a hearing on appellee's motion for a preliminary injunction, no proofs whatsoever were offered by appellee in support of the motion.
Rule 1.610(c) provides that no restraining order or preliminary injunction shall be entered unless a bond is given by the applicant "in any amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined or restrained." No bond was set, *476 although this defect was pointed out in appellant's motion to dissolve and at the hearing. This also requires a reversal. Rouse.
Finally, we question, although we do not decide, whether the complaint filed in this case sufficiently alleges a basis for the association's standing to bring this suit against appellant on behalf of the tenants of the park. In some cases, such associations have been granted standing to litigate on behalf of the tenants. See Department of Business Regulation v. National Manufactured Housing Federation, Inc., 370 So.2d 1132 (Fla. 1979). On remand, this issue may be raised anew by motions directed to the sufficiency of the complaint or any further motions for injunctive relief.
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] Fla.R.Civ.P. 1.610(b)(2).
[2] The order provided:

ORDERED that any judicial proceedings which the defendant desires to take concerning the use or rental of lots at the Blue Skies Mobile Home Park by members of the corporate plaintiff shall be filed in this Court and shall be consolidated with this cause for all purposes, and it is further
ORDERED that the members of the corporate plaintiff involved in this cause shall pay any disputed rental charges into the registry of the Court, as provided by law, during the pendency of this cause, and it is further
ORDERED that the defendant is hereby enjoined, pending further proceedings in this Court, from maintaining any health or safety violations, at the physical premises of the Blue Skies Mobile Home Park, including violations of any state, county or local law, rule, regulation or ordinance, related in any manner to the use and occupation of the lots at the Blue Skies Mobile Home Parky [sic] by the members of the corporate plaintiff herein... .