487 So.2d 1157 (1986)
SATELLITE DEVELOPMENT CORPORATION, Etc., et al., Appellants,
v.
TORTOISE ISLAND HOMEOWNER'S ASSOCIATION, INC., Etc., Appellee.
No. 85-1605.
District Court of Appeal of Florida, Fifth District.
April 24, 1986.
*1158 James R. Dressler, Cocoa Beach, for appellants.
T.M. Barlow of Gleason, Barlow & Dyer, P.A., Indialantic, for appellee.
COBB, Chief Judge.
The issue here is whether the trial court erred by granting a temporary injunction against a developer, Satellite, prohibiting its use of a private road, Tortoise Drive, for nonpassenger vehicles. As we read the record, the plaintiff, Tortoise Island Homeowner's Association, has no recorded title to the road in question. That title remains in the original developer of Phase One of Tortoise Island P.U.D., Tortoise Island Group, Limited. At the temporary injunction hearing, the Association presented no evidence to indicate the invalidity of Satellite's platted easement over Tortoise Drive for ingress and egress to and from its property, Tract A in Phase One of Tortoise Island P.U.D., the same ingress and egress shared by other purchasers in the development. The existence of the platted easement is acknowledged by the appellee's brief.
In this case the Association has established no rights to the use of Tortoise Drive greater than those of Satellite. Nor has the Association shown (1) irreparable harm, (2) an inadequate remedy at law, or (3) a substantial likelihood of success on the merits. See Florida Land Co. v. Orange County, 418 So.2d 370 (Fla. 5th DCA 1982). The fact that Tract A of the development has been rezoned to allow multifamily dwellings cannot change extant easement rights of access to it. Rezoning, or even replatting, of property does not deprive an owner of his individual property rights. See Spencer v. Wiegert, 117 So.2d 221 (Fla. 2d DCA 1959), cert. denied, 122 So.2d 406 (Fla. 1960).
Accordingly, we reverse the temporary injunction.
REVERSED.
ORFINGER and COWART, JJ., concur.