503 So.2d 988 (1987)
COUNTY OF ORANGE, a Political Subdivision of the State of Florida, Appellant,
v.
Robert N. WEBSTER, in His Individual Capacity, Appellee.
No. 87-63.
District Court of Appeal of Florida, Fifth District.
March 12, 1987.
Harry A. Stewart, Co. Atty., and Joseph L. Passiatore, Orlando, for appellant.
Johnie A. McLeod, of McLeod, McLeod & McLeod, P.A., Apopka, for appellee.
COBB, Judge.
Orange County appeals from a nonfinal order granting Webster's (an elector of Orange County, Florida) motion for temporary injunction against "taking any actions to create a Charter Form of government for Orange County, Florida," and "spending any money to do so until Webster's suit to have the newly passed Charter for Orange County declared invalid was heard and disposed of." We agreed to hear this appeal on an expedited basis. Based on the appendices and briefs filed in this case, we vacate the temporary injunction. See Torok v. Blue Skies Mobile Home Owners Association, Inc., 467 So.2d 474 (Fla. 5th DCA 1985).
Webster filed a complaint for injunction and declaratory relief and a motion for a temporary injunction on January 5, 1987. An amended verified motion was filed on January 8, 1987, adding language concerning irreparable injury. The temporary injunction was granted on January 8, 1987, without notice to Orange County. Service of the initial complaint was not made until two-and-one-half hours after the injunction was entered.
Since the appellant chose direct appellate review rather than the filing of a motion to dissolve the injunction below,[1] our *989 review is limited to the legal sufficiency of the complaint and supporting affidavits which form the basis for its entry. Hotel-Motel Restaurant Employees & Bartenders Union, Local 339 of Broward County v. Black Angus of Lauderhill, Inc., 290 So.2d 479 (Fla. 1974); Acquafredda v. Messina, 408 So.2d 828 (Fla. 5th DCA 1982).
Florida Rule of Civil Procedure 1.610(a) provides:
(a) Temporary Injunction.

(a) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.
Webster failed to allege any specific facts below to establish that immediate and irreparable injury, loss or damage would result before the County could be heard in opposition to his motion. Indeed, Webster only alleges irreparable injury in a conclusory fashion, without any mention of the injury occurring before notice can be given. Additionally, Webster's pleadings fail to show any allegations of attempts to notify the County or any reasons why notice should not be required.
Based on the appellee's total failure to comply with Florida Rule of Civil Procedure 1.610, we find the complaint and motion below legally insufficient to allow for the granting of an injunction without notice, and, accordingly, reverse the order granting the temporary injuction and remand for a noticed hearing.[2]
REVERSED and REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.610(d) provides:

(d) Motion to Dissolve. A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion.
[2] While not necessary for determination of the limited issue before us on this appeal, we note that the trial court's order does not comply with Rule 1.610(a)(2) by failing to define the injury, state findings why the injury may be irreparable, and give reasons why the order was granted without notice. The court also failed to comply with the mandatory bond provision of Rule 1.610(b). See Torok v. Blue Skies Mobile Home Owners Association, Inc., 467 So.2d 474 (Fla. 5th DCA 1985).