COBB, Judge.
The issue in this case is whether the trial court erred in entering a final order granting Orange County’s motion for summary judgment in an action brought by appellant, Robert N. Webster, seeking to invalidate the establishment of a charter government in Orange County. We reverse.
On March 10, 1986, the Board of County Commissioners of Orange County (Board) undertook action to establish a Citizens’ Charter Ad Hoc Committee. On April 14, 1986, the Board approved Resolution No. 86-M-13, which created and established the Orange County Citizens’ Charter Government Study Committee (Committee) for the purpose of determining the feasibility of a charter government in Orange County. The committee presented its recommendation to the Board on July 11,1986. On July 30, 1986, the Board published “legal notice” in the Orlando Sentinel that a public hearing would be held to consider the committee’s recommendations. The hearing was held on August 14, 1986, and the Board accepted “in concept” the recommendations of the committee and authorized the county attorney to draft a proposed charter for Orange County to provide for a five-member board of county commissioners and partisan elections. A proposed charter ordinance was prepared on August 29,1986, by the county attorney. By memorandum dated September 12, 1986, to the Board, the county attorney recommended six amendments to the proposed charter. On September 22,1986, the Board conducted a public hearing to consider the ordinance approving the charter. At the hearing, the League of Women Voters of Orange County submitted a two-page document containing suggested amendments to the proposed charter. The Board adopted Ordinance No. 86-22, approving the proposed charter, along with the recommendations of the county attorney, as well as the changes suggested by the League of Women Voters. The issue of whether there should be a charter providing for the restructuring of county government in Orange County was submitted to the voters on November 4, 1986, and it was approved.[1]
Webster, a resident and a registered voter of Orange County, filed a suit against Orange County, seeking: (1) a judgment declaring that Orange County’s action relating to the establishment of a county charter was “improper, unlawful and unconstitutional”; and (2) injunctive relief requiring Orange County to “[c]ease and desist in proceeding upon the results of the vote ... creating a Charter form of government for Orange County, Florida.” [2] The trial court subsequently entered summary judgment for the county, and Webster appealed.[3]
Webster asserts that under section 125.-64(1), Florida Statutes (1985), a special election was required to be held not more than 90 days nor less than 45 days subsequent to the Board’s receipt of the proposed charter by the charter commission. According to Webster, the proposed charter was not *178 “received” by the Board until September 22,1986, when the public hearing was held, which considered and approved the amendments suggested by the county attorney and the League of Women Voters; hence, Orange County failed to hold the election at least 45 days after receipt of the proposed charter.[4] Orange County responds that (1) the suggested amendments made by the county attorney to the proposed charter were forwarded to the Board on September 12, 1986; (2) the suggestions submitted by the League of Women Voters and the county attorney were merely “clar-ificatory;” and (3) it did not create a charter commission, and therefore the provisions of section 125.64 were inapplicable.
Section 125.64(1) provides:
(1) Upon submission to the board of county commissioners of a charter by the charter commission, the board of county commissioners shall call a special election to be held not more than 90 days nor less than 45 days subsequent to its receipt of the proposed charter, at which special election a referendum of the qualified electors within the county shall be held to determine whether the proposed charter shall be adopted. Notice of the election on the proposed charter shall be published in a newspaper of general circulation in the county not less than 30 nor more than 45 days before the election.
(Emphasis supplied.)
Although the county attorney sent his recommended changes to the Board on September 12, 1986, it was not until the hearing on September 22, 1986, that the Board approved those recommendations, as well as the recommendations introduced by the League of Women Voters. We find the 45- to 90-day time period applicable to the final proposed charter that is to be submitted to the electorate. Such a determination effectuates the intent of the legislature to give the electorate time to consider and review the charter that is to be voted upon. Hence, “receipt of the proposed charter” under section 125.64(1) contemplates formal receipt by the Board of the finished product. A contrary conclusion would allow the Board to subvert the legislative dictates by allowing amendments to the proposed charter up to the date of the election. In the present case, the original draft of the charter was changed by the adoption of the various suggestions recommended by the county attorney and the League of Women Voters. Although the county attorney forwarded his recommendations to the Board on September 12, 1986, these changes were not approved, and, therefore, not received until September 22, 1986. Moreover, the changes suggested by the League of Women Voters were not even submitted until the day of the hearing — September 22, 1986. Thus, the special election, held only 43 days subsequent to the Board’s receipt of the proposed charter, was contrary to the requirements of section 125.64(1), rendering the summary judgment in favor of Orange County improper.
Orange County’s argument that the provisions of section 125.64(1) are inapplicable is erroneous. Section 125.82, Florida Statutes (1985), provides:
As a supplemental and alternative way to the provisions of ss. 125.60-125.64, inclusive, the board of county commissioners may propose by ordinance a charter consistent with the provisions of this part and provide for a special election pursuant to the procedures established in s. 125.64 without regard to the time limitation contained in subsection 125.-64(3).
(Emphasis supplied.) Consequently, even though the Board proposed a charter by ordinance, the time limitations under section 125.64(1) are still applicable; it is only the time limitations under section 125.-64(3)[5] that can be avoided.
We have considered the remaining arguments by Webster, and find that they are *179 without merit. Accordingly, this case is reversed and remanded for entry of final summary judgment in favor of Webster.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.

.The ballot stated in part:
Shall there be a charter for Orange County, Florida, providing for the restructuring of county government, which shall take effect January 1,1987, as proposed by Charter dated September 22, 1986?
Yes for Approval: _
No for Rejection: _

. Webster also filed a motion for a temporary injunction, which was granted by the trial court. This court vacated the temporary injunction in County of Orange v. Webster, 503 So.2d 988 (Fla. 5th DCA 1987).

. Webster’s motion for summary judgment was denied.

. The election was held 43 days after September 22, 1986.

. Section 125.64(3) provides:
If a majority of the voters disapprove the proposed charter, no new referendum may be held during the next 2 years following the date of such disapproval.