637 So.2d 942 (1994)
Allen HUTCHINSON, Appellant,
v.
KIMZAY OF FLORIDA, INC. and Kimco of Florida, Inc., Appellees.
Nos. 92-3032, 92-3153.
District Court of Appeal of Florida, Fifth District.
May 27, 1994.
*943 Richard H. Adams, Jr. and Richard D. Connor, Jr., Pleus, Adams, Davis & Spears, P.A., Orlando, for appellant.
Stephen T. Ball, Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
THOMPSON, Judge.
This is an appeal of two non-final orders granting injunctions in a dispute over the interpretation of the terms and conditions of a lease. Although there are two injunctions, they both arise out of the same lease with the same parties. We have consolidated them for review. Because Florida Rule of Civil Procedure 1.610(c) was not complied with, we reverse the entry of both orders.

FACTS
Allen Hutchinson ("Hutchinson"), appellant/landlord, owns commercial real property located on South Orange Avenue in Orlando, Florida. Kimzay of Florida, Inc. ("Kimzay"), appellee/tenant, is the holder of a ground lease for this commercial property. The parties entered into a 60 year lease in July of 1966. The lease provided that, after 25 years or after appellee was no longer the largest subtenant, the rent was subject to review based upon the premise that the amount of rent payable would be equal in purchasing power to $32,000 in 1966 based upon the Commodity Price Index. On 8 June 1992, Hutchinson alleged that Kimzay was no longer the largest subtenant on the property. Pursuant to the terms of the lease, Hutchinson sent Kimzay a 20 day notice of default because the amount of the monthly rent was no longer sufficient and had to be adjusted upward. On 9 June 1992, Hutchinson sent a three day notice letter demanding an adjusted payment of the rent for May and June 1992 or possession of the property.
On 25 June 1992, Kimzay filed a complaint seeking a declaratory judgment to determine the correct amount of rent since the Commodity Price Index no longer existed and requested an injunction to restrain Hutchinson from instituting any legal proceedings for money damages or eviction until the declaratory judgment action was heard by the court. A temporary injunction was entered without notice on 26 June 1992. As a requirement of the injunction, Kimzay was ordered to post a bond in the amount of $2,500 and to pay the rent it was currently obligated to pay into the registry of the court. Kimzay complied with these conditions.
On 15 July 1992, Hutchinson filed an answer and a counterclaim requesting possession of the property and money damages. Hutchinson also filed a motion to modify the bond and an affidavit as to the rent owed under the lease. Kimzay filed a motion to *944 dismiss the counterclaim as violative of the temporary injunction. Hutchinson filed a motion to dissolve the injunction. The trial court denied Hutchinson's motion on 9 November 1992 and ordered that the injunction "shall remain in full force and effect until further order of this court." The trial court held another hearing on 4 December 1992 on Kimzay's motion to dismiss the counterclaim and motion to increase bond. The trial court denied Kimzay's motion to dismiss. At this hearing, however, the trial judge ordered that the bond be increased by $97,500, to an aggregate amount of $100,000, to be paid on 24 December 1992. This additional bond was never paid.
On 7 December 1992, Kimzay filed a motion for clarification of the order denying its motion to dismiss Hutchinson's counterclaim because the counterclaim sought money damages and possession of the property. The counterclaim, if it was allowed to remain, appeared to violate the injunction. This motion was called up and heard on 11 December 1992. On 18 December 1992, the trial court affirmed its earlier injunction that Hutchinson could not move to terminate the lease until the declaratory judgment action had been heard. The trial court made no findings of fact and did not require that a bond be posted. In paragraph 7 of the order, the court held
It is the ruling of this Court that Defendant shall not take any action whatsoever to seek to terminate the Lease Agreement, which is the subject of this litigation, until such time as this Court has had an opportunity to rule on Plaintiff's declaratory judgment action herein.
Hutchinson appeals the 9 November 1992 order denying the motion to dissolve the injunction and the 18 December 1992 order granting a temporary injunction without a bond.

DID THE TRIAL COURT ERR BY ENTERING THE INJUNCTION ON 26 JUNE 1992?
In order to obtain a temporary injunction, Kimzay must allege and prove that: 1) Kimzay will suffer irreparable harm unless the status quo is maintained; 2) Kimzay has no adequate remedy at law; and 3) Kimzay has a clear legal right to the relief requested.[1]See Hall v. City of Orlando, 555 So.2d 963 (Fla. 5th DCA 1990). This case involves an eviction and a dispute between a landlord/lessor and a tenant/lessee. Even though the parties may disagree about the definition of terms in the lease, this case still involves an eviction, and the arguments which have been raised in support of the injunction can be raised as defenses in the eviction action. There can be no irreparable harm to Kimzay in having the matter litigated in the eviction action. A temporary injunction was not necessary. In a similar case where an injunction was entered by the trial court which was later dissolved, this court held "[c]ertainly [the lessee] will suffer no irreparable injury in defending an eviction proceeding in county court. The facts [the lessee] alleges in support of the preliminary injunction are available as defenses in the eviction action." Wisconsin Real Estate Inv. Trust v. Rouse, 466 So.2d 289, 290-91 (Fla. 5th DCA 1985). There was no basis for the injunction to issue since Kimzay had adequate legal remedies and would not suffer irreparable harm. Further, by failing to pay the increased bond of $97,500 ordered by the court on 4 December 1992, Kimzay allowed the injunction of 26 June 1992 to be dissolved. In the trial court's order, Kimzay was given twenty days to post the additional bond, "otherwise the temporary injunction shall be dissolved without further action of this court." Kimzay did not post the additional bond. We hold that the temporary injunction issued 26 June 1992, although issued improvidently, was dissolved on 24 December 1992 when the additional bond was not posted. See Fla.R.Civ.P. 1.610(b).

DID THE TRIAL COURT ERR BY ENTERING THE INJUNCTION ON 18 DECEMBER 1992?
Hutchinson argues that the order of the trial court on 18 December 1992 created *945 a separate temporary injunction or a clarification of the existing temporary injunction. Kimzay argues that the order of 18 December was not an injunction, but instead an equitable remedy meant to protect Kimzay from losing millions of dollars of property. The trial court had the discretion to formulate equitable remedies because, otherwise, inequity could be done by Hutchinson terminating the lease and inheriting the windfall of the improvements to this property. Florando Inv. Corp. v. Fried, 412 So.2d 14 (Fla. 2d DCA 1982).
There is no doubt the 18 December order was a temporary injunction because it provided injunctive relief. The order forbids appellant from asserting any action whatsoever to terminate the lease. An injunction is an order "forbidding the [defendant] from doing some act." Black's Law Dictionary 705 (5th Ed. 1979). Since the order forbids Hutchinson from terminating the lease, it is definitely an injunction. The appellant was further ordered to take no action until the declaratory action was decided. This order is clearly meant to maintain the status quo pending a decision on the merits. Since the 18 December order was an injunction in a lease case, it must be examined to see if it meets the requirements of Florida Rule of Civil Procedure 1.610. See Meinstein v. Travel Etc., Inc., 442 So.2d 1085 (Fla. 3d DCA 1983).
The order must be dissolved because the trial judge did not state reasons for his decision and did not require that a bond be posted. The trial judge could not state reasons because there were no affidavits, verified pleadings, or sworn testimony presented as a basis for the entry of the 18 December order. Without reasons, the injunction must fail. Id.; Knight v. Global Contact Lens, Inc., 220 So.2d 693 (Fla. 3d DCA 1969). The trial judge also did not require that a bond be posted as provided by Florida Rule of Civil Procedure 1.610(b). An injunction without bond is improper. Rouse, 466 So.2d 289; Minimatic Components, Inc. v. Westinghouse Elec. Corp., 494 So.2d 303 (Fla. 4th DCA 1986). For these reasons, the 18 December injunction must be dissolved. Because the declaratory action and the eviction action are still pending, we decline to interpret the terms of the lease.
We reverse the orders for temporary injunctions issued 4 December and 18 December 1992 and remand the cause for further proceedings.
REVERSED and REMANDED.
PETERSON, J., concurs specially, without opinion.
GRIFFIN, J., concurs in part; dissents in part, with opinion.
GRIFFIN, Judge, concurring in part; dissenting in part.
I agree that the first injunction has expired by its terms. I read the second December 18, 1992 Order to be what it purports to be  an "Order on Motion for Clarification as to the Court's Order Denying Motion to Dismiss Counterclaim." This order appears, at most, to explain the ruling on the motion to dismiss the landlord's counterclaim in light of the injunction, which expired six days later.
NOTES
[1] A trial judge may also deny injunctive relief "when granting the injunction would result in confusion, disorder and injury to the public which outweighs any individual right to relief that the complainants may have." Hall, 555 So.2d at 963 (citation omitted). See also, Florida Land Co. v. Orange County, 418 So.2d 370, 371 n. 2 (Fla. 5th DCA 1982); Satellite Dev. Corp. v. Tortoise Island Homeowner's Ass'n, 487 So.2d 1157 (Fla. 5th DCA 1986).