PER CURIAM.
Image Data, L.L.C. appeals a temporary injunction which was entered ex parte upon motion by Appellees. We reverse.
In November 1998, Image Data contracted with the Florida Department of Highway Safety and Motor Vehicles (“DHSMV”) to purchase demographic information and images of Florida licensed drivers.[1] On February 1, 1999, Appellees filed an “amended emergency motion for injunctive relief without notice pending the filing of a class action lawsuit” in which they alleged that the sale of the driver license information to Image Data was causing or would cause immediate and irreparable injury to the fourteen million licensed drivers in Florida. An ex parte hearing was held in the circuit court on February 1, 1999, after which an order was entered restraining the State and Image Data from disseminating driver license information to each other or to anyone else.
 It is well-settled that “[a] temporary injunction without notice is an extraordinary remedy and should be granted sparingly.” State v. Beeler, 530 So.2d 932, 933 (Fla.1988). The procedural prerequisites to the issuance of an ex parte temporary injunction are set forth in Florida Rule of Civil Procedure 1.610.[2] The instant order falls short of what is required by this rule. The order does not “define the injury, state findings by the court why the injury may be irreparable, [or] give the reasons why the order was granted without *727 notice.”[3] Moreover, it appears that, in violation of rule 1.610(a)(2), evidence (a magazine article) other than an affidavit or verified pleading was considered at the ex parte hearing. Additionally, no bond was provided by Appellees as required by rule 1.610(b).[4] Regarding a bond, the order merely states that “[t]he Court finds that no bond is necessary as matters addressed are within the due interest of the public.” However, this is not one of the exceptions to the bond requirement provided for in the rule,[5] nor is it an otherwise recognized reason for disregarding the bond requirement. Appellees are not “a municipality or the state or any officer, agency, or political subdivision thereof’ so as to allow the court, under rule 1.610(b), to dispense with the bond requirement “having due regard for the public interest.” The failure to require a bond was error. See, e .g., Hutchinson v. Kimzay of Florida, Inc., 637 So.2d 942, 945 (Fla. 5th DCA 1994) (“An injunction without bond is improper.”); Torok v. Blue Skies Mobile Home Owners Ass’n, Inc., 467 So.2d 474 (Fla. 5th DCA 1985). Although Appellees have suggested that this appeal is moot because of the passage of a law repealing the statutory provisions which permit the sale of the driver license information,[6] such enactment does not affect the impropriety of the injunction which we now reverse.
Image Data also appeals an order regarding certification of the class, contending that the order fails to comply with the requirements for an order determining class representation status. However, in fact the order does not certify a class; rather, it sets forth several conclusions without either specifying a class of persons or certifying anyone to represent the class. As such, the order presents nothing for review. Cf. Fla.R.App.P. 9.130(3)(C)(vii) (providing for review of non-final orders determining “that a class should be certified”).
REVERSED.
W. SHARP, GOSHORN, and GRIFFIN, JJ., concur.

. The sale of such information was authorized by section 322.142, Florida Statutes (Supp. 1998), which then provided in part:
(5) Notwithstanding any other provisions of law, the department may sell copies of photographs, electronically stored photographs, or digitized images and other driver’s license and state identification card information on file, which are recorded and maintained as required, if such items are to be used solely for the prevention of fraud, including, but not limited to, use in mechanisms intended to prevent the fraudulent use of credit cards, debit cards, or checks, or fraud in other forms of financial transactions. The use of such photographs, electronically stored photographs, or digitized images obtained pursuant to this subsection is limited to the verification of the identity of the holder of an account, other form of identification, or other similar uses, and may not be used for any other purpose.
(6) Notwithstanding any other provisions of law, the department may sell copies of photographs, electronically stored photographs, or digitized images maintained by the department as required, upon receipt of the following from an applicant:
(a) Proof of the identity of the applicant;
(b) A declaration, in such form as is required by the department, describing how the applicant will use such photographs, electronically stored photographs, or digitized images for the prevention of fraud; and
(c) Payment of a fee for the photographs, electronically stored photographs, or digitized images. The department shall establish a fee for providing copies of such photographs, electronically stored photographs, or digitized images and all fees collected pursuant to this subsection shall be used to defray the costs of the department in providing such copies to an applicant.

. (a)(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant’s attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk’s office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.

. The only factual findings in the order are the following:
This Court finds that the reasons given in the petition are of such a nature that should this temporary injunction not be granted irreparable harm may be caused to the licensed drivers and citizens of the State of Florida. Further, without injunctive relief there is no adequate remedy at law and that is [sic] appears that the plaintiffs have a clear legal right to the relief sought.

. Rule 1.610(b) provides:
Bond. No temporary injunction shall be entered unless a bond is given by the mov-ant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.

. Although Appellees argue that the mental anguish that licensed drivers will suffer as a result of the dissemination of this information constitutes "physical injury” so as to exempt this injunction from the bond requirement under rule 1.610(b), that exception relieves the bond requirement where the injunction is issued "solely” to prevent physical injury. Assuming arguendo that the alleged mental anguish constitutes "physical injury,” the instant injunction was not sought or entered solely to prevent such "physical injury.” Moreover, it is not apparent that this argument was raised or considered below, and the order itself states a different (albeit inadequate) reason for dispensing with the bond requirement.

. On June 8, 1999, House Bill 1015 was signed into law, repealing subsections (5) and (6) of section 322.142, Florida Statutes. Ch. 99-306, § 1, Laws of Fla. The contract between the parties provides that the agreement would terminate if a change in law "results in DHSMV being prohibited from providing” the information to Image Data.