PER CURIAM.
Two propositions are presented in the petition for writ of certiorari in this case. The first is that the lower court erred in the entry of the injunction and the second is that the court erred in its failure to require from the plaintiff below a bond in accordance with the provisions of Section 64.03, F.S.A.
 As to the propriety of the entry of the original injunction and the continuance of the same in force after the taking of testimony, the record accompanying the petition for certiorari fails to establish that the election was conducted in accordance with the requirements of the statute. Therefore, the lower court was not in error in entering the injunction and continuing it in force after the hearing on the motion to dismiss. On the other hand, there is no showing in this record that the plaintiff in the court below was unable to give an appropriate bond. In the absence of such showing, the court below should not have entered the injunction or continued the same in force after the taking of testimony on the motion to dissolve.
Certiorari should issue and the chancellor is hereby directed to dissolve the injunction or require the posting of an injunction bond in an amount sufficient to indemnify petitioner for such costs and damages as it might incur or suffer in the event *492 it ultimately be determined that it was wrongfully enjoined or restrained by said temporary injunction. Lewis v. Lewis, Fla., 66 So.2d 260.
TERRELL, Acting Chief Justice, and MATHEWS, DREW and BUFORD, JJ., concur.