309 So.2d 177 (1975)
Thomas BYRNE and Isabelle Byrne, His Wife, Appellants,
v.
REC CENTERS, INC., a Florida Corporation, Appellee.
No. 74-1306.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
Peter S. Sachs, Becker & Poliakoff, Miami Beach, for appellants.
Eugene L. Heinrick, McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellee.
PER CURIAM.
On this interlocutory appeal by defendants the issue is whether a temporary injunction by which defendants are temporarily restrained and enjoined from entering upon or using certain property of the plaintiff was improperly entered because (1) plaintiff had adequate remedies at law, (2) plaintiff would not suffer irreparable harm, and (3) plaintiff was not required to post bond as required by Rule 1.610(b) RCP.
On the basis of our review of the record and in consideration of the briefs and oral argument of counsel for the respective parties, we conclude that only the point labeled (3) has merit. Plaintiff admitted its ability to post bond and under such circumstances it was mandatory under Rule 1.610(b) RCP that the trial court, as a condition to granting the temporary injunction, require the plaintiff to post bond conditioned for the payment of such costs and damages as may be incurred or suffered by defendants in the event it is ultimately determined that defendants were wrongfully enjoined by the temporary injunction. See International Brotherhood of Teamsters, etc. v. Miami Retail Grocers, Inc., Fla. 1954, 76 So.2d 491.
The order granting the temporary injunction is reversed, but upon remand plaintiff shall be entitled to have the injunction reinstated upon the posting of an injunction bond as required by Rule 1.610(b) RCP in such amount as the court shall determine to be proper after notice and hearing.
Reversed and remanded with directions.
OWEN, C.J., and CROSS and DOWNEY, JJ., concur.