314 So.2d 257 (1975)
Robert Q. MARSTON et al., Appellants,
v.
GAINESVILLE SUN PUBLISHING CO., INC., et al., Appellees.
Robert Q. MARSTON et al., Appellants,
v.
Judy R. COLLINS, Appellee.
Nos. X-499, X-500.
District Court of Appeal of Florida, First District.
June 16, 1975.
*258 Thomas S. Biggs, Jr., Judith A. Brechner, and Ashmun Brown, Gainesville, for appellants.
Larry G. Turner, Goldin & Turner, and R. Franklin Ritch, Gainesville, and Judy R. Collins, for appellees.
Robert L. Shevin, Atty. Gen., and Sharyn L. Smith, Asst. Atty. Gen., for amicus curiae.
JOHNSON, Judge.
In these two cases, consolidated both in the lower court and in this court, the primary question before us at this time is whether or not the Circuit Court in this case erroneously granted temporary injunctions without notice or bond, the same temporary injunctions to be continued, pendente lite.
The complaints filed by the appellees, in addition to the prayer for injunction relief, are for declaratory decrees declaring null and void all actions taken by the appellants, in violation of law, the alleged violation of law being that the Honor Court of the University of Florida had been conducting closed hearings in violation of Florida Statutes § 286.011 (Florida Sunshine Law).
A heavy record has been compiled in these cases, but we believe we can answer the primary questions for the Court without to much treatment of the record at this stage of the proceedings. It must be remembered that this is an interlocutory appeal, and not on the merits of the declaratory decree.
The two petitions are so identical that we will treat them as one, as far as practical.
Simply stated, the question involved here is whether or not the hearings of the Honor Court are subject to Florida Statutes § 286.011. This question must be partly answered before we can intelligently answer the question before us on interlocutory appeal.
Florida Statutes § 286.011(1) is as follows:
"(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting."
The University of Florida Student Body Constitution and Statutes, at Article IV thereof, prescribed the "Judiciary" of the Student Body. Article IV, supra, subsecction *259 61 provides "Such information shall be held in confidence."
Appellants filed a motion for dissolution of the temporary injunction, and as grounds therefor, inter alia, charged that the petition upon which said temporary injunction was based was insufficient to support such action, and insufficient to support the issuance of said temporary injunction without posting bond.
We think the trial court was in error in several respects, and we do hereby reverse his orders and quash the temporary injunction, and our reasons therefor are set out below.
First, before any petition for injunction should be entertained by the Court, the complaint must make out a prima facie case of some wrong that has been done, is being done or will in the future be done.
A reading of Florida Statutes § 286.011(1) and Article IV of the Student Body Constitution, supra, in connection with each other, would give the trial court enough question in his mind as to whether or not the wrong complained of constituted such wrong as to warrant relief at all. Certainly, the conflicts apparent between the two cited laws and Student Body Constitution, should have made the tribunal leery of injunctive relief, even after notice and bond; but certainly notice and bond should have been required. The purpose of the bond is clearly stated in the Rule (FRCP 1.610), wherein it says the bond is conditioned for the payment of such costs and damages as may be incurred etc., but it also provides that after taking evidence from the parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to give bond, temporary injunction without bond may be granted. In this instance the trial court could and should have taken judicial notice that at least the Gainesville Sun Publishing Company, Inc. was able to post a bond in keeping with the mandate of the Rule, supra. The fixing of a bond of $1.00 was making a farce of the Rule and the law should not be made a mockery of in its application.
While we may be accused of dealing with the merits in these cases, we think it necessary to point out to the trial court that the avowed purpose of the Honor Court is an investigatory function and for it to function it cannot reveal its source of fact finding any more than the newspapers or news reporters can reveal their sources (as they claim). This we think the trial court should hold in mind when he further hears this case on remand.
Rule 1.610(b), Florida Rules of Civil Procedure, provides:
"No temporary injunction shall be granted except after notice to the adverse party unless it is manifest from the allegations of a verified complaint or supporting affidavits that the injury will be done if an immediate remedy is not afforded and in such event the court may grant a temporary injunction until a hearing or further order of court... ."
Although the injunction was issued without notice or bond, a hearing was had four days later, and the order of the court was entered on February 14, 1975, in which it was ordered that the temporary injunction entered herein without notice on Friday, the 7th of February, 1975, be continued pendente lite. The order of the trial court entered on February 7, 1975, without notice or bond, enjoined the Honor Court from conducting closed hearings pending further order of the court; therefore, from February 7, 1975, the Honor Court has for all practical purposes been inactive, although the University is still in full operation, and therefore, if the Honor Court is a needed function of the Student Body, it remains in need. The scanty allegations of the petitions for injunctions are not *260 enough, without evidence on the merits of the prayer for a declaratory decree, to warrant allowing the injunctions provided for in either of the orders to remain in force. There is the question of whether or not Florida Statutes § 286.011 is applicable to the function of the Honor Court, and since this question is not now before us, nor has it been treated by the trial court by a hearing on the merits, after an answer or other defensive pleadings have been before the trial court, this Court hereby reverses the orders granting the injunctions and said temporary injunctions are hereby dissolved.
Reversed and remanded for further proceedings according to the Rules of Procedure.
BOYER, Acting C.J., and MILLS, J., concur.