440 So.2d 674 (1983)
CONWAY MEATS, INC., d/b/a Denver Beef, Appellant,
v.
ORANGE AVENUE PARTNERSHIP, Appellee.
No. AO-332.
District Court of Appeal of Florida, First District.
November 21, 1983.
*675 Thomas J. Jones of Holland & Knight, Tallahassee, for appellant.
Joseph R. Boyd and Michael L. Berry of Boyd & Smith, Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from orders denying a motion to dissolve a temporary restraining order, granting a motion to implead Conway Meats, Inc. (Conway), and denying the motion of Conway for a protective order. At issue is the sufficiency of appellee's showing for the restraining order, impleader and discovery against Conway, and compliance with Florida Rule of Civil Procedure 1.610.
On June 4, 1982, appellee Orange Avenue Partnership (OAP) obtained a judgment for $11,267 against Beef Giant, Inc., d/b/a Beef City (Beef Giant), a company which had disappeared leaving no assets to satisfy the judgment. On August 24, OAP filed a motion for proceedings supplemental to execution and a motion for impleader of Conway, including an order enjoining Conway from disposing of its assets. On August 25, after a hearing on the motions, at which neither Beef Giant nor Conway was present, the trial court entered an order requiring Conway to show cause why it should not be *676 joined and its property applied to satisfy OAP's judgment against Beef Giant, and issued a temporary restraining order enjoining Conway from alienating or transferring any real or personal property.
Conway filed a motion to dissolve the temporary restraining order on the grounds that (1) the motion papers were facially insufficient under Florida Rule of Civil Procedure 1.610(b) in that there were no verified pleadings or affidavits showing immediate threat of irreparable injury, no written certification by OAP's attorney of efforts to notify Conway, and no statement of reasons why notice should not be required; (2) the motions were not supported by a bond conditioned upon payment of costs and damages, as required by Rule 1.610(c); (3) OAP failed to allege or prove any of the four essential elements required by Florida law for granting injunctive relief; and (4) the allegations of the motion were insufficient and unsupported by any proof of facts to show that Conway ever had any transactions with or assets of Beef Giant. Conway's motion to dissolve the temporary restraining order was denied.
On September 14, 1982, Conway filed a response to the order to show cause why it should not be impleaded and its property applied to OAP's judgment against Beef Giant. This response included sworn affidavits by the president of Conway and Beef Giant, Bob Brueggemeyer, and the manager of Conway, Gene Scott, asserting that Conway and Beef Giant were corporate entities and that Conway had never acquired any assets or equipment owned by Beef Giant. Conway also filed a motion for a protective order to prevent the deposition of Brueggemeyer without a subpoena, since Conway alleged that Brueggemeyer was not a resident of Florida and that Conway had not yet been impleaded. On September 27, the trial court granted OAP's motion to implead Conway and denied Conway's motion for protective order as to Brueggemeyer's deposition, directing that OAP could depose Brueggemeyer both as president of Conway and as president of Beef Giant.
At the time the motion to dissolve the temporary restraining order came on for hearing, appellee had presented no verified pleadings or affidavits alleging irreparable harm, nor had it shown that its remedy at law was inadequate.[1] The evidence in this case was insufficient to support the extraordinary remedy of a temporary injunction, and the procedural requirements of Florida Rules of Civil Procedure 1.610 were not met, in that the order did not state the specific injury to be avoided, why such harm would be irreparable, or the reasons for granting the temporary restraining order without notice to appellant, nor was the bond conditioned for the payment of costs and damages sustained by appellant as required. For these reasons, the injunction must be reversed.
On the issue of impleader, this court in Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978), sets out the procedures to be followed in determining whether to implead a third party as a defendant in supplementary proceedings in aid of execution of judgment. It is the responsibility of the party seeking the supplementary proceedings to have the trial court follow the Ehmann procedures, which include an examination of the judgment creditor, who should establish a prima facie case, by testimony under oath, that the proposed third party defendant holds assets subject to its claim. If the examination of the judgment creditor establishes the judgment creditor's claim to property in the hands of a third party, the trial court should then issue an order to show cause setting forth the findings of specific assets or transactions to which the third party can respond in writing prior to further hearings. In the instant case, the only ultimate facts both alleged and proved in OAP's motion to implead Conway were that OAP had an unsatisfied judgment against Beef Giant and that Beef Giant and Conway had *677 the same officers, shareholders, and resident agents. OAP's accusation that certain unspecified assets were transferred from Beef Giant to Conway was not substantiated by evidence in the record. The order granting OAP's motion to implead is reversed.
We must also reverse the order denying Conway's motion for a protective order since Conway was not properly impleaded. Contrary to appellant's assertions, its president can be required to appear in Florida for deposition if he is properly impleaded. However, since we find that Conway was not properly impleaded, Mr. Brueggemeyer cannot be required to travel to Florida for a deposition as president of Conway Meats, Inc. This holding does not foreclose appellee's right to depose Mr. Brueggemeyer as president of Beef Giant, Inc., the judgment debtor, or to properly move for impleader, based upon sufficiently supported factual allegations, in the future.
The cause is reversed and remanded for proceedings consistent herein.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] See, Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979).