455 So.2d 1073 (1984)
ALLEGRA ENTERPRISES, INC., an Illinois Corporation, Appellant,
v.
Ronald FAIRCHILD, Individually, Meridian Marine Consultants, Inc., a Florida Corporation, Ellis Hodgkins, Individually, and Else K. Guinan, Appellees.
No. 84-699.
District Court of Appeal of Florida, Fourth District.
September 5, 1984.
Rehearing Denied October 9, 1984.
*1074 John O'Donnell, Fort Lauderdale, and George E. Becker, Chicago, Ill., for appellant.
Richard A. Goetz of Hodgson, Russ, Andrews, Wood & Goodyear, Fort Lauderdale, for appellees.
PER CURIAM.
Involved is the ownership and right of possession to a Hatteras yacht.
This non-final appeal is from an order granting a preliminary injunction after notice and from an order which refused to dissolve that injunction.
We reverse and remand with instructions to dissolve the preliminary injunction because of these defects:
1. There was no showing of irreparable harm or lack of an adequate remedy at law. Ranaghan v. Sullivan, 432 So.2d 641 (Fla. 4th DCA 1983).
2. The injunction provided mandatory features not requested by movants, such as the return of the yacht. Connolly v. Connolly, 448 So.2d 641 (Fla. 4th DCA 1984); Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870 (Fla. 4th DCA 1981).
3. The injunction order did not specify adequate reasons for its entry. Fla.R. Civ.P. 1.610(d).
REVERSED and REMANDED.
DOWNEY, DELL and WALDEN, JJ., concur.