494 So.2d 303 (1986)
MINIMATIC COMPONENTS, INC., and Leon Shaw, Appellants,
v.
WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania Corporation, Appellee.
No. 85-2796.
District Court of Appeal of Florida, Fourth District.
September 24, 1986.
Richard J. Kwasny and Carlos M. Sires, of Blank, Rome, Comisky & McCauley, Miami, for appellants.
Patrick W. Gent of Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
The temporary injunction (erroneously termed a temporary restraining order below) which appellants seek to vacate here, is alleged to be deficient in three respects: (1) lack of record support for issuance of injunctive relief; (2) deficiencies in the injunction itself; and (3) insufficiency of the bond posted as a condition precedent to issuance of the injunction.
Under the terms of a business agreement between the parties, Westinghouse ultimately acquired the right to occupy and utilize eighty-five percent of the space in Minimatic's manufacturing plant under a lease arrangement. Various disputes arose between the parties, as a result of which Westinghouse filed suit. Before service of process and without any notice to appellants, Westinghouse obtained the temporary injunction complained of here, restraining appellant, Shaw, from ousting Westinghouse from the premises owned by *304 his corporation, appellant Minimatic. The trial court established $1.00 as the amount of bond although Westinghouse had offered to post a bond in whatever amount the trial court deemed appropriate.
With regard to appellant's first contention, we conclude that the application for injunctive relief adequately specified the damages that would be suffered by Westinghouse, satisfactorily explained how those damages would be irreparable and demonstrated that they were of the type that could not ordinarily be redressed by money damages. The application was deficient, however, in failing to show that denial of access to Minimatic's premises would likely result from the mere filing of the lawsuit and serving the complaint upon appellants. This is a fatal defect. Rule 1.610(a)(1)(A) of the Florida Rules of Civil Procedure establishes the very limited circumstances under which injunctive relief may be granted without giving the adverse party an opportunity to be heard in opposition. The rule requires a showing to a substantial certainty that immediate and irreparable damage will result unless the temporary injunction is issued. See Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870 (Fla. 4th DCA), rev. denied, 411 So.2d 385 (Fla. 1981). Westinghouse alleges merely that it "is concerned" that notice to Shaw "may result" in Shaw "perhaps" barring Westinghouse from the leased premises. Such allegations show only a possibility of irreparable harm, and are thus patently insufficient to support the granting of injunctive relief.
We also agree with appellant's second contention and hold that the injunction itself is defective for failing to comply with rule 1.610(c), Florida Rules of Civil Procedure.
Finally, we note that at least one court has described the posting of a $1.00 bond as making a "farce" and "mockery" of the requirements of rule 1.610(b), Florida Rules of Civil Procedure. Marston v. Gainesville Sun Publishing Co., 314 So.2d 257, 259 (Fla. 1st DCA 1975). We agree that any requirement of nominal bond in the absence of extenuating circumstances emasculates the salutary purpose of the rule; therefore, the posting of a bond is mandatory in most instances. See Int'l Brotherhood of Teamsters v. Miami Retail Grocers, Inc., 76 So.2d 491 (Fla. 1954); Byrne v. Rec Centers, Inc., 309 So.2d 177 (Fla. 4th DCA 1975). Accordingly, we hold that bond in this case was grossly inadequate.
For the foregoing reasons we reverse and remand with the direction that the injunction be vacated.
REVERSED AND REMANDED WITH DIRECTION.
DELL and WALDEN, JJ., concur.