512 So.2d 234 (1987)
Phillip R. WASSERMAN and Continental-Health Insurance, Inc., Appellants/Cross-Appellees,
v.
GULF HEALTH, INC., a Florida Corporation, d/b/a Florida Co-Op Insurance Services and Further d/b/a Ghl Financial, Appellee/Cross-Appellant.
No. 86-1895.
District Court of Appeal of Florida, Second District.
August 12, 1987.
Rehearing Denied September 11, 1987.
Law Offices of Edward D. Foreman, P.A., St. Petersburg, for appellants/cross-appellees.
B. Randall Griffiths, St. Petersburg, for appellee/cross-appellant.
RYDER, Acting Chief Judge.
This is an appeal from an order entered by the trial court on June 25, 1986 finding appellants in willful contempt. Appellants raise six points on appeal. We find merit in none. Accordingly, we affirm the trial court's order.
Appellee cross-appeals the denial of its motions to dissolve two temporary injunctions. The first motion to dissolve was served on April 17, 1986 and alleges, inter alia, that the temporary injunctions are defective on their face. The second motion to dissolve was served June 26, 1986 and argues fatal defectiveness in a conclusory fashion. Cross-appellants' first point on appeal is that the two temporary injunctions are defective upon their face and should be dissolved. We agree.
Of the two besieged orders, one fails to show a date of entry; and both fail to define the injury, fail to state findings by the court why the injury may be irreparable *235 and fail to state reasons why they were entered without notice. The orders, therefore, run afoul of the standards required in Florida Rule of Civil Procedure 1.610(a). See County of Orange v. Webster, 503 So.2d 988 (Fla. 5th DCA 1987); Conway Meats, Inc. v. Orange Ave. Partnership, 440 So.2d 674, 676 (Fla. 1st DCA 1983). We reverse the trial court's denial of cross-appellant's first motion to dissolve.
Even if the trial court would have complied with the above substantive requirements, we would have another, independent ground for reversing the trial court's denial of cross-appellant's motion to dissolve. Subsection (b) of rule 1.610 requires the posting of a bond by the movant upon entry of a temporary injunction. One of the injunctions here did not require a bond; the other required a mere $1.00 bond. A $1.00 bond for a temporary injunction has been found to be "grossly inadequate" by the fourth district. Minimatic Components, Inc. v. Westinghouse Electric Corp., 494 So.2d 303, 304 (Fla. 4th DCA 1986). The first district has stated "[t]he fixing of a bond of $1.00 was making a farce of the Rule [1.610] and the law should not be made a mockery of in its application." Marston v. Gainesville Sun Publishing Co., 314 So.2d 257, 259 (Fla. 1st DCA 1975). We follow our sister courts in holding that the purpose of the bond requirement in rule 1.610(b) is not met by the posting of a nominal bond.
We reverse and set aside the trial court's denial of appellee/cross-appellant's first motion to dissolve the temporary injunctions and remand with instructions to the trial court that it enter an order granting appellee's motion to dissolve.
We note that cross-appellant argues in its reply brief that "as a direct result of the issuance of the injunctions in this case, the court has sealed the entire court file." The order sealing the file was not raised as error in this appeal, and it if it had been we do not have sufficient record to render a decision as to its propriety. We do note, however, that if the order sealing the record was based solely on the two temporary injunctions, then the order's foundation has been taken from it.
Affirmed in part; reversed in part and remanded with instructions.
SCHOONOVER and HALL, JJ., concur.