546 So.2d 775 (1989)
CITY OF MIAMI, Cesar H. Odio, As City Manager, City of Miami, Walter E. Golby, As Director of the Department of Parks, Recreation and Public Facilities, and Raul De La Torre, Manager, Miamarina, Appellants,
v.
Sandra K. COLL, Appellee.
No. 88-2990.
District Court of Appeal of Florida, Third District.
July 18, 1989.
Jorge L. Fernandez, City Atty., and Linda J. Ehrlich, Asst. City Atty., for appellants.
G. Ware Cornell, Jr. and Robert J. Slotkin, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from a temporary injunction which reinstated a discharged employee pursuant to the Whistle-blower's Act of 1986. § 112.3187, Fla. Stat. (1987). We reverse.
Appellee Sandra K. Coll, an employee with the City of Miami, claimed to have observed city employees, including her supervisor, engaged in malfeasance, misfeasance and neglect of duty. After reporting these violations to her superiors, she was put on leave and then subsequently terminated. Coll brought an action pursuant to the Whistle-blower's Act of 1986 seeking reinstatement with back pay. Additionally, she moved for a temporary injunction for restoration of her original position during the pendency of the action.
The trial court entered an order granting a temporary injunction, which states in its entirety:
ORDER GRANTING TEMPORARY INJUNCTION
THIS CAUSE having come before the Court for hearing on the Plaintiff's Motion for Temporary Injunction, the Court having received evidence and heard arguments of counsel, it is
ORDERED AND ADJUDGED as follows:
1. Plaintiff's Motion for Temporary Injunction be and hereby is granted.
2. The Plaintiff is hereby ordered restored to her position of employment during the pendency of this proceeding at the City of Miami, Department of Parks and Recreation, Bayside Marina, as a Marina's Aide.
3. This Order shall become effective upon the posting of a bond in the amount of $5,000.00, conditioned for the payment of costs and damages which may be sustained by the Defendants if the Defendants are wrongfully enjoined.
Appellant, City of Miami, claims that the temporary injunction was improper in that: (a) the order did not specify why it was entered, and (b) was entered where there was no showing of either irreparable harm or an inadequate remedy at law. Appellee Coll contends that although the trial court's order did not specify the reasons for granting the temporary injunction, such omission is merely technical, and there would be irreparable harm. We reverse because the trial court failed to specify the *776 reasons for entering the temporary injunction.[1],[2]
Florida Rule of Civil Procedure 1.610(c) states:
Form and Scope. Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document and shall be binding on the parties to the action, their officers, agents, servants, employees and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction. (Emphasis added).
Florida courts have held that the failure to specify adequate reasons for the entry of a temporary injunction is violative of rule 1.610(c) and renders the order defective. Wasserman v. Gulf Health, Inc., 512 So.2d 234 (Fla. 2d DCA), review denied, 518 So.2d 1279 (Fla. 1987); Allegra Enterprises, Inc. v. Fairchild, 455 So.2d 1073 (Fla. 4th DCA 1984); Conway Meats, Inc. v. Orange Avenue Partnership, 440 So.2d 674 (Fla. 1st DCA 1983).
We reverse and remand for dissolution of the temporary injunction.
NOTES
[1] We do not reach the question whether Coll has demonstrated irreparable harm and inadequate remedy at law, as the trial court should in the first instance address that issue when it makes its findings pursuant to rule 1.610.
[2] We reject the City's contention that Coll failed to exhaust administrative remedies. It is clear on this record that no effective administrative remedy was available. We also reject the City's argument that Coll was required to observe the waiting period of subsection 768.28(6), Florida Statutes (1987). The City's proposed construction is at odds with the plain language of the Whistle-blower's Act. See § 112.3187(8), Fla. Stat. (1987).