PER CURIAM.
In this action for child custody, we find no abuse of discretion in the trial court’s denial of the mother’s motion to transfer venue to Broward County. With the mother’s consent, the parties had moved, at least temporarily, to Monroe County. It is undisputed that at the time the action was filed, the children were enrolled in Monroe County schools. Although the parties had previously resided in Broward County, the Broward court had never taken jurisdiction over the matter because the parties were unmarried and no custody or dissolution proceedings had been filed in Broward County. Venue, therefore, was not improper in Monroe County. Torres v. Torres, 561 So.2d 1310 (Fla. 3d DCA 1990).
The order granting a temporary injunction prohibiting the mother from visiting her children is defective, however, for failure to comply with the Florida Rules of Civil Procedure. There has been no compliance with rule 1.610(c), which requires that every injunction shall specify the reason for entry. On remand, the court shall take evidence and state reasons if injunctive relief is deemed warranted. City of Miami v. Coll, 546 So.2d 775 (Fla. 3d DCA 1989).
The order denying the motion to transfer venue is affirmed; the order granting a temporary injunction is reversed and the cause is remanded for further consistent proceedings.