BARKDULL, Judge.
The appellant and appellee, as general partners, formed Armada Key West Limited Partnership in 1987, to own, sell, rent and manage the Gallion Marina in Key West, Florida, and to acquire, own, rent, manage and sell a time share unit under construction on property adjacent to the Marina. To this end the partnership borrowed 3.5 million dollars. Each of the general partners personally guaranteed the loan. Conant was the managing partner. He allegedly practiced poor business tactics by writing several bad checks and allowed the note to go into default. As a result, Smith, at a April 5, 1992 meeting of the limited partners caused the limited partnership agreement to be amended by a majority vote of the limited partners to permit removal of the managing partner by a majority vote of the limited partners instead of a unanimous vote. They then voted to remove Conant and replace him with Smith. Conant resisted this move and continued to assert his managerial powers to the detriment of the partnership. He further refused to turn over the partnership books to Smith. As a result, Smith brought the instant suit seeking among other things, injunctive relief against Conant to prohibit him from participating in the partnership as a general partner. Conant countered with an action seeking a judgment declaring the purported amendments to the agreement and the subsequent removal invalid. Both sides moved for temporary injunctive relief. Smith sought to compel delivery of the partnership books and to prohibit Conant from acting as the managing partner. Conant sought to prohibit Smith from restricting Conant’s exercise of his general partner rights. After hearing, the trial court entered the order appealed in an attempt to save the partnership. The order directed delivery of the books to Smith and enjoined Conant from interfering with the day to day operation of the partnership. This appeal follows.
It is Conant’s position that the trial court erred in granting the temporary injunction without specifying the reasons therefore or requiring the posting of a bond pursuant to Rule 1.610, Fla.R.Civ.P. We agree as to the bond.
Upon the issuance of a temporary restraining order, a bond is required. Fla. R.Civ.P. 1.610(b); Cutler Creek Village Townhouse Ass’n., Inc. v. Cutler Creek Village Condominium Ass’n. Inc., 584 So.2d 103 (Fla. 3d DCA 1991). There are limited circumstances wherein a temporary injunction may issue without a bond, such as a matrimonial case, see, e.g., Voss v. Voss, 169 So.2d 351 (Fla. 3d DCA 1964), but no exception is made in a case such as the one involved herein.
Therefore, this matter is returned to the trial court to fix a reasonable bond within a short period of time, as a condition of the temporary injunction, or to vacate same.
Conditionally reversed, with directions.