PER CURIAM.
A lessee appeals a non-final order in an eviction suit, which allowed the lessor to enter the leased premises in order to do renovations. Because we conclude that the order under review constituted an injunction, and was granted by way of an improper procedure, we reverse.
The appellant, VP Union 76, leases premises owned by the appellee, Canmont International. The premises consist of a gas station, which contains fuel pumps, automobile lifts, tire-changing machinery, and other fixtures normally associated with a gas station. The lease was entered in 1986 and does not expire until 2001. The lease specifically allows Union 76 to operate a gas station and car wash. Canmont filed an eviction action against Union 76 alleging several breaches of the lease, not directly relevant to this appeal. The eviction action is still pending in Circuit court.
While the eviction action was pending, Canmont sought to enter the leased premises in order to do renovations. Canmont specifically wanted to remove hydraulic automobile lifts, remove tire-changing machinery, remove some outdoor canopy support columns (which held lighting for the fuel pumps), and repaint the premises. Union 76 objected to the renovations because Canmont did not intend to replace the automobile lifts and tire equipment, and because removal of the fuel pump lighting would interfere with business.
In order to accomplish these renovations, Canmont filed a “Motion To Require Tenant To Permit Repairs To Property” in the ongoing eviction action. In its motion, Canmont claimed it was entitled to enter the premises to do the desired renovations based upon a provision of the lease which gave it the right to
enter said premises during all reasonable hours, to examine the same to make such repairs, additions or alterations as may be deemed necessary for the safety, comfort, or preservation thereof, or of said building. ... The right of entry shall likewise exist for the purpose of removing placards, signs, fixtures, alterations, or additions, which do not conform to this agreement, or to the rules and regulations of the building.
Canmont’s unsworn motion was heard by the trial judge on a motion calendar hearing. No evidence was taken. At the conclusion of the hearing, the trial judge entered an order compelling Union 76 to allow Canmont to enter the premises in order to do the renovations.
Union 76 now appeals the trial judge’s order. Union 76 claims that the order entered below amounted to an injunction, but is not supportable because Canmont satisfied neither the procedural nor the substantive requirements for obtaining an injunction. Canmont claims that the order entered below was not an injunction, but was merely an incidental order in the ongoing eviction action.
“An injunction is an in personam order, directing the defendant to act, or to refrain from acting in a specified way.” Dan B. Dobbs, Handbook on the Law of Remedies, § 2.10, at 105 (1973). “As a matter of form, most injunctions forbid certain conduct on the part of the defendant.” Id. at 105. See also 29 Fla.Jur.2d Injunctions § 1 (1981) *251 (“An injunction is a discretionary equitable remedy, primarily preventive in nature, which is designed to protect one from irreparable injury by commanding acts to be done or prohibiting their commission.” [footnotes omitted]). Having reviewed the two-page order entered below, there is no question that it amounted to an injunction. In several paragraphs, the order directs Union 76 to allow Canmont to enter the premises to accomplish the specific acts of renovation mentioned earlier. Indeed, the order itself recites that Union 76 “is enjoined from interfering with the removal work.” [emphasis supplied]
Having been properly characterized as an injunction, the order is voidable because it was entered without Canmont complying with any of the procedural requisites for injunctive relief. This injunction was granted without Canmont either following the procedures necessary for obtaining an injunction, or demonstrating their entitlement thereto. See Cordis Corp. v. Prooslin, 482 So.2d 486 (Fla. 3d DCA 1986). Consequently, the order under review is reversed.[1]
Reversed.

. Paragraph 3 of the order recites that Union 76 has agreed that Canmont “may remove the nonworking sign on the roof of the Premises and replaster and paint the exterior of the structure on the premises." Union 76 has not objected to Canmont’s entry for these purposes, and we do not contemplate a change in position by Union 76 based upon our opinion.