PER CURIAM.
Appellant, Industrial Waste Services, Inc., appeals an order granting appellee, Faireloth Sanitation, Inc.’s, motion for a temporary injunction. We reverse.
The trial court granted the temporary injunction and entered its order stating:
ORDERED AND ADJUDGED as follows:
1. The Defendant, INDUSTRIAL WASTE SERVICES, INC., is hereby enjoined and restrained as follows:
a. It’s [sic] officers, employees, agents and representatives are prohibited from publishing and/or communicating any statements that Plaintiff, FAIRCLOTH SANITATION, INC., is going out of business.
b. That the Defendant shall not publish and/or communicate through its officers, employees, agents and/or representatives that it has the exclusive right to collect trash, garbage and/or rubbish in the South Dade County area.
2. This injunction is conditioned upon Plaintiff posting a $2,500.00 bond.
The injunction is defective because the order fails to specify the reasons for its entry, as required by Florida Rule of Civil Procedure 1.610(c). See City of Homestead v. Ramirez, 621 So.2d 548 (Fla. 3d DCA 1993); Pearson & Maluso, M.D., P.A v. Bott, 584 So.2d 1035 (Fla. 5th DCA 1991); City of Miami v. Coll, 546 So.2d 775 (Fla. 3d DCA 1989). Accordingly, the order below must be reversed and the cause remanded for dissolution of the temporary injunction.
Reversed and remanded.