BARKDULL, Judge,
specially concurring.
I concur with Judge Levy’s opinion and write only to point out the following:
Section 48.23(3), Fla.Stat. (1993), authorizes a trial court to treat a lis pendens, such as the one in this case, the same as a temporary injunction. A temporary injunction is only issued when a plaintiff has no adequate remedy at law, i.e. ascertainable damages, or in other words, irreparable damage or injury.
The dissent, and the authority cited therein, seems to miss the point as to who must suffer irreparable damages. A showing of irreparable damage is essential for a plaintiff to secure a temporary injunction, Hutchinson v. Kimzay, Inc., 637 So.2d 942 (Fla. 5th DCA 1994); Wasserman v. Gulf Health, Inc., 512 So.2d 234 (Fla. 2d DCA), rev. denied, 518 So.2d 1279 (Fla.1987), and where damages are ascertainable, there is no right to a temporary injunction. The State of Florida, Agency for Health Care Admin, v. Continental Car Services, Inc., 650 So.2d 173 (Fla. 2d DCA 1995); Minimatic, Inc. v. Westinghouse Elect. Corp., 494 So.2d 303 (Fla. 4th DCA 1986); Stading v. Equilease Corp., 471 So.2d 1379 (Fla. 4th DCA 1985). When a trial court believes that irreparable harm will result, it may grant a plaintiff extraordinary *1306 relief in the form of a temporary injunction. When such relief is granted a defendant is entitled to protection against any loss occasioned by said relief, if it is ultimately determined that the temporary injunction was wrongfully granted. Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018 (Fla.1989); Cutler Creek Village Townhouse Ass’n., Inc. v. Cutler Creek Village Condo. Ass’n., Inc., 584 So.2d 103 (Fla. 3d DCA 1991); Colder Race Course, Inc. v. Gaitan, 430 So.2d 975 (Fla. 3d DCA 1983); Aviation Investments, Inc. v. Johanson, 177 So.2d 369 (Fla. 3d DCA 1965); Roger Dean Chevrolet, Inc. v. Painters, Decorators & Paperhangers Local No. 452, 155 So.2d 422 (Fla. 2d DCA 1963). A defendant’s entitlement to protection from loss or damages occasioned by a wrongful temporary injunction is secured by requiring the plaintiff to post a injunction bond. Parker Tampa Two; Neal v. Neal, 636 So.2d 810 (Fla. 1st DCA 1994); Conant v. Armada Key West Limited Partnership, 610 So.2d 640 (Fla. 3d DCA 1992); Cutler Creek; Cushman & Wakefield, Inc. v. Cozart, 561 So.2d 368 (Fla. 2d DCA 1990). The amount of the injunction bond should be sufficient to secure the defendant for any loss or cost incurred as a result of the wrongful issuance of the temporary injunction. Shea v. Central Diagnostic Services, Inc., 552 So.2d 344 (Fla. 5th DCA 1989); Minimatic. The defendant’s right to an injunction bond should not be conditioned upon defendant demonstrating an irreparable harm, rather it should be conditioned upon the defendant demonstrating the potential loss or damages it will incur if it is determined that the temporary injunction was wrongly imposed. Neal; Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984). Since a defendant’s recovery, against a plaintiff, for the wrongful issuance of a temporary injunction is limited to the face value of the injunction bond, Parker Tampa Two; Longshore Lakes Joint Venture v. Mundy, 616 So.2d 1047 (Fla. 2d DCA 1993); Shea, a defendant may always seek to modify an injunction bond by showing a potential for loss or damages in excess of the amount of the bond, Parker Tampa Two; Cushman; Wasserman; Minimatic.