GREEN, Judge.
Appellants appeal a non-final order which they contend is tantamount to temporary injunctive relief. Specifically, they contend that the trial court erred in granting such relief where the procedural requirements were not met.
Ramon Paredes, Manuel Lopez and Alfredo Trespalaeios entered into two joint venture agreements in July 1975 for the acquisition and management of a certain commercial property in downtown Miami. A provision of the joint venture agreement required the other venturers to purchase the interest of a venturer who died.
On September 25, 1975, Trespalaeios sold his interest in the joint ventures to Paredes and the Lopezes. This transaction thus left Paredes and Lopez as co-equal partners in the joint ventures. They employed a Mr. Ernesto Gonzalez to manage the building and leasehold interests. Gonzalez maintained an office in the building and was responsible for the day to day building management, responding to tenant complaints, collecting rents and paying business expenses.
On February 12, 1987, Paredes died. His wife, Teresa, became his successor in interest to 50% of the joint ventures. Lopez did not immediately purchase Paredes’ interest. In *473 stead, it is alleged that Lopez began paying himself a management fee and also began using joint venture funds to pay his personal expenses. Lopez eventually had the property appraised and the Paredes’ interest was valued at $550,000.
Teresa Paredes and Daniel Wick, attorney ad litem for Ramon Paredes’ estate, filed suit against Lopez in 1993. The suit demanded specific performance of the buy-out provision, damages for unjust enrichment and other relief. Paredes and Wick subsequently filed a motion for the appointment of a receiver and/or injunctive relief with an accompanying affidavit[1] from Teresa Paredes. The motion sought the appointment of a neutral receiver to manage the property pending final hearing and to “prevent further dissipation of monies or waste to the property.”
At the hearing on the motion, counsel for Paredes made an unsworn factual proffer to the court to which Lopez’ counsel disputed and objected. Lopez’ counsel indicated to the court that the parties were unable to stipulate to anything and indeed Lopez was prepared to contest the affidavit and factual proffer made by Paredes’ counsel. Without conducting an evidentiary hearing, the trial court concluded the hearing by denying the motion for the appointment of a receiver but restricting Lopez’ ability to write checks and requiring that any major repair expenses, new leases, lease renewals and other managerial decisions be decided jointly by Wick and Lopez. Gonzalez was to continue the day to day operation of the building. All books and records of the joint ventures were ordered to be turned over to the accountant.
Lopez contends on appeal that the trial court’s order, which attempted to protect the joint venturers’ assets pending further action, was in the nature of an injunction because it prohibited him from writing checks and making unilateral decisions as he had done previously. As such, Lopez urges that the trial court erred in entering the injunction when appellees failed to satisfy either the procedural or substantive requirements for such relief. Based upon this court’s recent decision in VP Union 76, Inc. v. Canmont Int’l, Inc., 632 So.2d 249 (Fla. 3d DCA 1994), we must agree and reverse.
In VP Union, the lessee of a gas station appealed a non-final order in an eviction suit which permitted the lessor to enter the premises to do renovative work pursuant to the lease agreement. This order had been entered in response to the lessor’s unsworn “Motion to Require Tenant to Permit Repairs to Property.” The lessee objected to this motion based upon its contentions that the lessor sought to remove certain equipment without replacing it and that the removal of the equipment would interfere with its business. The motion was heard and granted by the trial court without any evidence being adduced.
This court concluded that the order in VP Union amounted to an injunction which was voidable because it was entered without the lessor following the procedures necessary for obtaining an injunction, or demonstrating its entitlement thereto. As the court explained: “An injunction is an in personam order, directing the defendant to act or refrain from acting in a specified way. As a matter of form, most injunctions forbid certain conduct on the part of the defendant.” Id. at 250 (citations omitted).
Similarly, in the instant case, we find that the trial court’s order prohibiting Lopez from writing checks and making any unilateral decisions was in the nature of an injunction. *474 The trial court should have conducted an evidentiary hearing on the disputed proffer of facts made by counsel so that appellees could demonstrate their need and entitlement to injunctive relief.
We therefore reverse the order under review without prejudice to the appellees to present evidence to the trial court demonstrating their need and entitlement for in-junctive relief restricting Lopez’ involvement in the joint ventures. If, on remand, appel-lees are successful in securing the temporary injunction, we would further point out that the imposition of an appropriate bond against appellees is mandatory. See Fla.R.Civ. P. 1.160(b); Conant v. Armada Key West Ltd. Partnership, 610 So.2d 640, 641 (Fla. 3d DCA 1992); Cutler Creek Village Townhouse Ass’n, Inc. v. Cutler Creek Village Condominium Ass’n, Inc., 584 So.2d 103, 103-04 (Fla. 3d DCA 1991).
Reversed and remanded.

.The affidavit recited in pertinent part that:
2. Neither me [sic] nor my brother were aware that Defendant, Manuel Lopez, had been paying himself a management fee from the joint venture. Neither my husband nor my brother authorized Defendant, Manuel Lopez, to manage the joint venture property. Neither my husband nor my brother authorized Defendant, Manuel Lopez, to pay himself a management fee for his alleged services.
3. Recently I learned that Mr. Lopez has used joint venture monies for his own personal expenses unconnected with the business of the joint venture.
4. I have also recently learned that Mr. Lopez is not entering into leases with tenants and has attempted to negotiate for the sale of the property without my knowledge or consent or that of my brother.
5. I have recently visited the joint venture business and have observed the building to be in disrepair and in need of maintenance.