PER CURIAM.
We reverse the order granting a temporary injunction in this case because the posting of a bond was required and no reason was given for waiving it. See Fla.R.Civ.P. 1.610(b); Layne & Brill, P.A. v. Brill, 453 So.2d 890 (Fla. 3d DCA 1984); International Bhd. of Teamsters v. Miami Retail Grocers, Inc., 76 So.2d 491 (Fla.1954).
Courts have upheld the bond requirement in the context of a covenant not to compete, such as the one in the instant case. See Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976 (Fla. 2d DCA 1994).
Although in the agreement containing the covenant not to compete the appellant consented to an injunction upon a breach, the requirement of the posting of a bond was not waived. We therefore reverse and remand for the trial court to set a bond for the issuance of the injunction.
WARNER, POLEN and KLEIN, JJ., concur.