# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-481
Lower Tribunal No. 17-5723
_____

**Esther Porto,**
Appellant,

vs.

**Michael C. Walker, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Esther Porto, in proper person.

Nexterra Law, and Steven M. Liberty and Eric A. Jacobs, for appellees.

Before EMAS, C.J., and SCALES and MILLER, JJ.

PER CURIAM.

Appellant Esther Porto appeals a February 7, 2018 injunction order rendered by the trial court. The relevant portion of the order reads, in its entirety, as follows:

The Court reserves ruling on Plaintiffs' motion for rule to show cause and hereby enters an order freezing all of the assets of Esther Porto, as of the date of this order; an agreement and/or further orders shall be made as to an exception for living expenses.

Florida Rule of Civil Procedure 1.610(c) requires, in relevant part, that "[e]very injunction shall specify the reasons for entry" and "shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document." Fla. R. Civ. P. 1.610(c). Additionally, rule 1.610(b) contains a bond requirement for all temporary injunctions.

We reverse the subject injunction order because it fails to meet the requisites of rule 1.610. Indus. Waste Servs. Inc. v. Faircloth Sanitation, Inc., 643 So. 2d 688, 688 (Fla. 3d DCA 1994) (concluding that "[t]he injunction is defective because the order fails to specify the reasons for its entry"). Because of our holding, we need not, and therefore do not, address the other alleged infirmities in the challenged injunction order.

Reversed.