339 So.2d 282 (1976)
LLOYD DAMSEY, M.D., P.A., a Florida Corporation, and Lloyd Damsey, M.D., Individually, Appellants,
v.
Barry J. MANKOWITZ, M.D., Appellee.
No. 75-1870.
District Court of Appeal of Florida, Third District.
November 16, 1976.
*283 Nathan Kurtz, Miami, for appellants.
A.M. Schwitalla, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Plaintiffs appeal chancellor's order denying their prayer for injunctive relief to enjoin defendant from practicing medicine in the area located between Boca Chica on the West and Plantation Key on the East.
In August 1973 plaintiffs Lloyd Damsey, P.A. and Lloyd Damsey, M.D., individually, executed an agreement with defendant Barry J. Mankowitz, M.D. for Dr. Mankowitz' association for the practice of medicine with the plaintiffs as of November 1, 1973. The agreement was for a term of one year automatically renewable unless either of the parties gave notice 90 days before the anniversary date that renewal would not take place. The contract contained the following relevant proviso:
"Dr. Mankowitz agrees, in consideration of his employment, to not practice medicine in any community lying between Boca Chica Key on the West and Plantation Key on the East, for a period of three years following termination of his employment by the P.A., without regard to the reason or nature of the termination."
Ninety days before expiration of Dr. Mankowitz' first year of employment, plaintiffs gave him notice that the contract would not be renewed and on October 31, 1974 his association with plaintiffs was discontinued. Dr. Mankowitz continued to practice medicine in the area lying between Boca Chica and Plantation Key. Plaintiffs filed a complaint seeking to enjoin Dr. Mankowitz from practicing in this area and after a hearing, the chancellor denied plaintiffs' requested injunction. We affirm.
The granting or denying of injunctive relief rests largely in the discretion of the chancellor and is governed by the facts and circumstances of the particular case. Baboun v. Royal Atlas Corp., 287 So.2d 407 (Fla.3d DCA 1973) and 17 Fla.Jur. Injunctions § 16 (1958).
After balancing the equities, the chancellor in denying the injunctive relief found, inter alia, the agreement to be unreasonable as it required defendant, a professional man, at the end of either the first, second or third year, at the election of plaintiffs, to remove himself from the community where he has made substantial investments to maintain the standards of a physician and move elsewhere beyond the geographic limits of the restraining covenants (in this case, 70 miles). The testimony also revealed a compelling need for defendant's services as a surgeon in the area and enforcement of the covenant would jeopardize the public health of the community. We conclude that under the circumstances the restrictive covenant in this agreement is unduly harsh and oppressive and affirm the appealed order. Cf. Akey v. Murphy, 238 So.2d 94, 97 (Fla. 1970).
Affirmed.