PER CURIAM.
Appellants, Security Aluminum Windows and United States Fidelity and Guaranty Company, bring this appeal from a final workers’ compensation order entered July 14, 1978. The order awarded appellee, Marion Smith, permanent total disability benefits. Appellants present the following points on appeal:
1. Whether there is competent, substantial evidence to support a finding that claimant is permanently, totally disabled.
2. Whether there is competent, substantial evidence to support an award for attendant services of $35 per day to claimant’s daughter for essentially household duties.
*301 3. Whether the trial judge’s failure to give adequate notice of trial constitutes denial of due process of law.
We reverse and remand for new trial on Point 3.
Appellee, aged 49 with a ninth grade education, has a job history in heavy labor. On May 12, 1977, she injured her back at work making windows for appellant employer, after she bent over to pick up some aluminum. Claim was made for all workers’ compensation benefits to which appel-lee might be entitled, including nursing services. Several hearings were held before the deputy commissioner, the last on July 11, 1978. The appellants did not receive written notice of this hearing until July 10, 1978. The appellants properly objected that they had received inadequate notice of this hearing.
The deputy commissioner found that ap-pellee had a 20% permanent partial impairment of the body as a whole due to her low back injuries, but that she was permanently and totally disabled because of her total loss of wage earning capacity as a result of the industrial accident. He also found that ap-pellee’s daughter was entitled to $35.00 per day from May 24, 1977, until July 22, 1977, for attendant services rendered to appellee. However, he did not specifically make an award for such attendant services in the decretal portions of the order.
As to Point 3, we agree with the appellants that the last hearing on the cause should not have been held where written notice was not received until only one day before the hearing. Although no new issues were explored or developed at the last hearing, appellants still had a right to full and adequate notice. § 440.25(3)(a), Fla.Stat. (1977); Lundy’s Market, Inc. v. Wexler, IRC Order 2-3739 (March 20, 1979). On Point 3, the order is accordingly reversed, and the case is remanded for new trial, rendering unnecessary our addressing the merits of Points 1 and 2.
REVERSED and REMANDED.
ERVIN, SHIVERS and SHAW, JJ., concur.