BERANEK, Judge.
This is a non-final appeal from an order granting plaintiffs, Robert and Teresa Vo-noflorio, a temporary injunction, restraining defendant, Deanza Corporation, from (a) moving or otherwise tampering with surveyor’s stakes on Lot 1, Block 27 of Deanza Colonies of Margate, and (b) tampering in any way with the Vonoflorios’ leasehold interest under the lease between the Vonoflorios and Deanza Colonies of Margate, pending further order of the court and subject to plaintiffs’ posting a $1700 bond. Deanza Corporation argues the lower court erroneously granted the injunction because no complaint therefor was filed. The Vonoflorios counter that a complaint per se was unnecessary, that their motion for temporary injunction fulfilled the requirement. We reverse.
Florida Rule of Civil Procedure 1.610(a) unequivocally provides that “[n]o injunction shall be granted until a complaint therefor is filed.” The Rule makes no mention of a motion until subsection (e) which authorizes issuance of injunctions to stay other proceedings on motion. A motion clearly does not satisfy the purposes of a complaint which requires service, an answer, and establishes the issues before the trial court. Since the Vonoflorios filed no written complaint requesting a temporary injunction, *1147 the trial court erred in issuing the injunction pursuant to a motion. See Seminole Park and Fairgrounds, Inc. v. Tropic Bank of Seminole, 380 So.2d 1335 (Fla. 5th DCA 1980).
Furthermore, as this case aptly illustrates, permitting issuance of a temporary injunction via motion creates the potential for an inconsistent result. Here the Vonof-lorios’ complaint requested, among other things, compensatory damages for Deanza Corporation’s breach of the lease. At the same time, their motion for temporary injunction sought relief on grounds that they would be deprived of their leasehold interest resulting in an unascertainable financial loss. It is obviously inconsistent for the Vonoflorios to plead breach of contract requesting damages in the complaint and to seek injunctive relief by motion because damages are unascertainable for the same wrongdoing. Although such inconsistent claims may be proper in the pleading stages they are mutually exclusive from the standpoint of a final disposition of the case. The filing of a complaint and establishment of the injunction issues should not have been disregarded herein.
Accordingly, the order granting the temporary injunction is reversed.
REVERSED AND REMANDED.
DOWNEY and MOORE, JJ„ concur.