467 So.2d 476 (1985)
LINGELBACH'S BAVARIAN RESTAURANTS, INC., a Florida Corporation, Appellant,
v.
Dale DEL BELLO, Appellee.
No. 84-2200.
District Court of Appeal of Florida, Second District.
March 6, 1985.
Rehearing Denied April 15, 1985.
*477 John T. Allen, Jr., and Neil E. Polster of John T. Allen, Jr., P.A., St. Petersburg, for appellant.
F. Wallace Pope, Jr. and Scott C. Ilgenfritz of Johnson, Blakely, Pope, Boker & Ruppel, P.A., Clearwater, for appellee.
FRANK, Judge.
At the heart of the present appeal is the question whether the trial court erred in granting a motion seeking a preliminary injunction without a specific prayer for that form of relief being embodied within the complaint. The complaint, although invoking the trial court's general equity powers, specifically to enforce an option, is barren of those allegations which customarily are required in a pleading designed to achieve an injunctive remedy, i.e., immediacy of injury, irreparable harm, a clear legal right, and an inadequate remedy at law. See Dania Jai Alai Intern., Inc. v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979).
Before reaching our resolution of the procedural issue, a brief statement of the pleaded factual matters and subsequent judicial events is warranted. The appellee, Del Bello, entered into a lease-option agreement with the appellant, Lingelbach's, in which the latter agreed to sell and Del Bello agreed to purchase the property in which Del Bello was operating the Arigato Japanese Steak House. Following Del Bello's notice to Lingelbach's of his intent to exercise the purchase-option, disparate appraised values were placed upon the property. The option agreement, however, contained a formula which was to be used in determining the ultimate purchase price if the parties were unable to reach agreement. Application of the formula resulted in a price above Del Bello's appraisal but which nonetheless was acceptable to him. In spite of Del Bello's notice to Lingelbach's of his desire to close and complete the sale, Lingelbach's refused to convey title. Thus, Del Bello initiated an action in which he sought specific performance of the option agreement and, alternatively, damages. The complaint's sufficiency was tested by Lingelbach's motion to dismiss grounded upon Del Bello's failure to allege that he was not in default at the time he exercised the option. The asserted deficiency was immediately cured by Del Bello's amendment of the complaint and on August 2, 1984, the trial court, with Lingelbach's concurrence, entered an order finding the motion to dismiss moot. That same day, Del Bello served a verified motion for preliminary injunction upon Lingelbach's attorney in which, inter alia, he averred that he was in peril of being evicted from the premises and that if eviction were permitted to occur, he would suffer irreparable injury which would not be compensable at law.
Although the record before us does not disclose a notice of hearing, the transcript of testimony reveals that a hearing was held on August 27, 1984, some twenty-five days after service of the motion for preliminary injunction.[1] As a result of that hearing, the trial court issued a preliminary injunction enjoining Lingelbach's from evicting Del Bello from the premises.
At the close of the evidence taken by the trial court upon Del Bello's motion for preliminary injunction, Lingelbach's contended "there is no pleading in this particular case requesting injunctive relief" and that Deanza Corporation v. Vonoflorio, 393 So.2d 1146 (Fla. 4th DCA 1981), precluded the granting of an injunctive remedy merely upon a motion seeking that relief. We are called upon to construe Rule 1.610(a) and we do so in the absence of reported *478 authority from a Florida court offering determinative guidance as to the procedural steps a litigant is to follow in procuring injunctive relief. We conclude that Deanza has lost its vitality because of the 1981 amendment of Rule 1.610.
Prior to January 1, 1981, Rule 1.610(a) contained a prefatory command that "[n]o injunction shall be granted until a complaint therefor is filed." The 1981 amendments to Rule 1.610, however, deleted that language and according to the attendant Committee Note solely because it was deemed "unnecessary." The excision from the Rule of the requirement that an injunction not be issued until the filing of a complaint is a logical consequence of the operative effects of Rules 1.040, 1.050, 1.110 and 1.110(b). In short, no "civil action" comes into being and the circuit court's authority is not invoked until such time as a "complaint" or, where permitted, a "petition" is filed. See Rule 1.050. Hence, we conclude that elimination of the provision served only to remove a redundancy. That conclusion, however, does not end our inquiry.
The Committee Notes associated with the 1981 amendment of the Florida Rules of Civil Procedure were not adopted by the Supreme Court. The Florida Bar. In Re Rules of Civil Procedure, 391 So.2d 165, 166 (Fla. 1980). We ascribe no controlling utility to the Note explicating the amendments to Rule 1.610. Nonetheless, in order to insure that our analysis is recognized as comprehensive and not to leave any residue of uncertainty, we must observe that the Committee Note, paradoxically, incorporates the following declaration immediately after the comment that retention of the excluded language was "unnecessary":
A pleading seeking an injunction or temporary restraining order must still be filed before either can be entered.
The paradox derives from Rule 1.100. That Rule distinguishes between "pleadings" and "motions," and specifically defines the word "pleadings" to include a "complaint." It is plain beyond cavil that if we were to accord any merit to that portion of the Committee Note set forth above, the 1981 deletion from Rule 1.610 of the reference to a "complaint" would have been in vain. Functionally, the deletion would not have been accomplished. Thus, to the extent that we must be concerned with harmonizing the Committee Note with the Supreme Court's approval of the amending deletion from Rule 1.610, we are constrained either to ignore that aspect of the Committee Note or to announce that the word "pleading" is to be read "motion." Either choice accommodates the amendment's objective. But, we find no need to choose for it is manifest that the affirmative purpose of the 1981 amendments was to bring our procedural rule governing injunctions in line with Rule 65 of the Federal Rules of Civil Procedure.
The composition of Rule 1.610, as it was re-fashioned in 1981, approximates that of Rule 65. The differences between the two rules are found essentially in the format and are the result of the statutory-based idiosyncrasies common to the federal system. In all other respects, however, the rules are virtually a mirror image of each other. In that light and consistent with our Supreme Court's statement that "the objective in promulgating the Florida rules has been to harmonize our rules with the federal rules... .", Miami Transit Company v. Ford, 155 So.2d 360, 362 (Fla. 1963), we compare Rule 1.610 and Rule 65. See Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc. 444 So.2d 595 (Fla. 4th DCA 1984); Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983); Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla. 2d DCA 1977).
Rule 1.610 emulates Rule 65 to the extent that it, too, characterizes the initiating document in the injunctive proceeding as an "application" and the party seeking that relief as the "applicant." Under the Florida Rules, the word "application" derives its meaning from Rule 1.100(b) and in the federal system from Rule 7(b). A comparison of those rules, which are in absolute parallel, leaves no question that an "application *479 for a preliminary injunction" pursuant to Rule 1.610 is achieved by motion. Indeed, Rule 1.610(b)(3) expressly identifies a "motion for preliminary injunction" as the procedural document which must be acted upon following the issuance of a temporary restraining order without notice.
Having concluded that a motion for preliminary injunction is the appropriate mechanism for seeking that form of relief, the clarity we hope to attribute to the effectuation of Rule 1.610 requires an instructive admonition. Here, no less than is demanded in the federal system, the notice requirement must be met with unyielding conformity to elemental notions of fairness. The defendant "must be given a fair opportunity to oppose the application." 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 65.04[3] (2d Ed. 1980). Moreover, acknowledging that the determination of an application for injunctive relief is discretionary with the trial court, we add the further caveat that although a verified motion or supporting affidavits may be of service in reaching the merits, the presence of disputed facts requires the conduct of an evidentiary hearing.
Turning now to the facts and events before us, it is our judgment that the lower court acted properly in considering and granting the motion for preliminary injunction. The sufficiency of the equitable considerations underlying the lower court's actions fell wholly within its discretionary power and although reviewable, we perceive no abuse of discretion requiring our intervention. The litigation as it was initially commenced was aimed at procuring specific performance of the option agreement and the award of those damages flowing from Lingelbach's refusal to comply with the terms of that agreement. It is obvious that circumstances changed after the action began. The changed circumstance  Del Bello's imminent jeopardy of being evicted from the premises  manifestly warranted the trial court's injunctive decree maintaining the status quo pending the outcome of the basic lawsuit. Compact Van Equipment Co., Inc. v. Leggett & Platt, Inc., 566 F.2d 952 (5th Cir.1978). Based upon a motion adequately containing the elements essential to the entry of a preliminary injunction, reasonable notice and the conduct of an evidentiary hearing, the lower court's order was procedurally sound.
We AFFIRM.
CAMPBELL, A.C.J., and LEHAN, J., concur.
NOTES
[1] Lingelbach's does not claim on appeal that it was denied the "notice" required by Rule 1.610(a).