697 So.2d 1267 (1997)
Emily M. PECORA and Flagler by the Sea, Inc., et al., Appellants,
v.
Raymond C. PECORA, Sr., etc., et al., Appellees.
No. 97-377.
District Court of Appeal of Florida, Fifth District.
August 1, 1997.
Garrett L. Briggs, of Adams, Briggs & Briggs, Daytona Beach, for Appellants.
Timothy M. Goan, of Timothy M. Goan, P.A., Palm Coast, for Appellees.
GRIFFIN, Chief Judge.
Emily Pecora ["Emily"] and Flagler by the Sea, Inc., appeal a non-final order granting a motion for temporary injunction. We affirm.
According to the briefs, the primary antagonists, Emily and Raymond Pecora, are married. *1268 They equally share ownership in and are officers of two corporations, Flagler by the Sea Resorts, Inc.,[1] and Ocean Deck Cafe, Inc. According to Emily's initial brief, the corporations are engaged in the business of providing camping and recreational vehicle parking spaces, providing mobile home spaces, and operating a cafe. The brief further explains an action below is pending in which Raymond is suing Emily for injunctive relief and damages based on alleged breaches of fiduciary duty.
It was during the course of this pending lawsuit that Raymond filed a verified motion for temporary injunction without notice. The motion stated in part:
2. The Court has already heard exhaustive testimony in open Court concerning the behavior of EMILY M. PECORA in her role as Secretary/Treasurer of the corporations. The testimony to date includes, but [is] not limited to, the following:
(1) Constant drinking on the premises;
(2) Disrupting patrons and customers, causing a loss of business;
(3) Secreting and misusing corporate funds for a variety of wrongful purposes;
(4) Wrongfully hiring and firing employees; and
(5) Wrongfully accusing employees of theft.
3. As recently as January 16, 1997, EMILY M. PECORA broke into one of the renter's units and attempted to wrongfully reside there.
4. The corporations are in danger of imminent collapse and financial ruin if EMILY M. PECORA is not completely removed from the business premises so that she cannot wrongfully meddle and disrupt the business affairs of the corporations.
The motion was apparently filed on January 17,1997.
On the same date the motion was filed, the trial judge entered an order styled "Emergency Temporary Injunction." The order was apparently drafted by Raymond as an order granting a temporary injunction without notice. Words that originally followed "motion" were blackened and are no longer legible, although the parties agree they read "without notice." The order also included a typewritten insertion to the effect that counsel for both parties were present via telephone at the hearing on the motion. According to the briefs, on the day the motion was filed the trial judge contacted both parties by telephone to discuss its merits.[2] Although the parties disagree on the efficacy of the judge's actions, the corrections to the proposed order apparently reflected the trial court's belief that the order was not issued without notice to Emily. Emily now appeals this order, which she terms an order granting a temporary injunction without notice.
Although we do not criticize in any way the lower court's decision to have the benefit of the enjoined party's input before ruling on the emergency motion, we agree with Emily that the telephone call was not sufficient to satisfy the requirement of "notice" as contemplated by the rule. Notice means reasonable notice, including a meaningful opportunity to prepare and to defend against the allegations of the motion or complaint. It means the ability to offer evidence and to secure a record of the proceedings.[3] *1269 See Lebioda v. Gastroenterology Group, 544 So.2d 242 (Fla. 5th DCA 1989); Mike Smith Pontiac GMC, Inc. v. Smith, 486 So.2d 89, 90 n. 3 (Fla. 5th DCA 1986); Lingelbach's Bavarian Restaurants, Inc. v. Del Bello, 467 So.2d 476, 479 (Fla. 2d DCA), review denied, 476 So.2d 674 (Fla.1985); Empire Pontiac Center, Inc. v. General Motors Acceptance Corp., 322 So.2d 927, 927 (Fla. 4th DCA 1975). Although we conclude that the telephone call did not satisfy the notice elements of the injunction rule, thereby requiring the court to follow the special requirements of ex parte injunctions provided under Rule 1.610, we nevertheless find these requirements to have been sufficiently met and affirm.
The verified motion did set forth allegations of immediate and irreparable injury by explaining that Emily's wrongful interference with the parties' businesses, which is detailed to some degree, endangers the very existence of the businesses. The motion offered reasons why notice should not be givennamely, that Emily's activities, including an episode that happened the day preceding the filing of the motion, presented an immediate and significant threat. These allegations sufficiently suggest the peril inherent in the giving of notice prior to entry of this injunction.
Emily next attacks the sufficiency of the form of the temporary injunction order. Rule 1.610 states in pertinent part:
Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.
Fla.R.Civ.P. 1.610(a)(2). Emily complains that the order was not endorsed with the hour of entry, did not give reasons why the order was granted without notice and did not contain findings regarding why any injury would be irreparable. The lower court did make a finding of irreparable injury and, in the context of this litigation, we cannot say the failure to restate the supporting facts is reversible error. Moreover, while it is correct that the court did not make a finding why the order was granted without notice, this was because the court believed this was not a "no notice" injunction. Under the circumstances of this case, we find no prejudice and decline to reverse on this basis.
Finally, it is apparent that the appealed order does not contain the hour of its entry, as is required by Rule 1.610(a)(2). The only cases we have found that even mention this requirement noted the omission of the hour and date as among a series of deficiencies in appealed orders. See, e.g., Dejong v. Dejong, 572 So.2d 11, 12 (Fla. 2d DCA 1990); Wasserman v. Gulf Health, Inc., 512 So.2d 234, 234-35 (Fla. 2d DCA), review denied, 518 So.2d 1279 (Fla.1987); Torok v. Blue Skies Mobile Home Owners Ass'n, 467 So.2d 474, 475 (Fla. 5th DCA 1985). The historical development of Rule 1.610 reveals that the hour and date requirements were introduced in 1980 as procedural aspects of the temporary restraining order mechanism that provided for automatic expiration of the injunction after ten days. See The Florida Bar, 391 So.2d 165, 176 (Fla.1980). Although that legal device was effectively abolished through the 1984 amendments to the rules of civil procedure, the hour and date requirements were, for some reason, retained and were made applicable to all temporary injunctions entered without notice. See In re Amendments to Rules of Civil Procedure, 458 So.2d 245, 256-57 (Fla.1984). It is not clear what purpose the hour requirement currently serves. The only purpose we can fathom is to inform the person enjoined exactly when the court acted without notice. Emily offers no argument as to why the lack of an hour of entry was prejudicial to her, and we find none. Emily's counsel was on the telephone with the judge at the moment of his ruling; therefore, he knew the time. While we caution the lower court that the rule should be followed, we find no reversible error in the omission of the hour of entry.
AFFIRMED.
W. SHARP and ANTOON, JJ., concur.
NOTES
[1] Within the filings supplied on appeal, there appears to be a discrepancy concerning the correct name of this corporate defendant. In the caption, we have followed the caption on the notice of appeal.
[2] Even the limited record before us suggests the court was already familiar with the parties and the issues between them.
[3] This is especially important because of the heavy burden this court places on a litigant who seeks to dissolve a temporary injunction after a hearing conducted with notice. This court has ruled repeatedly that any argument or evidence that could have been offered at the initial temporary injunction hearing cannot be the basis of a motion to dissolve. A motion to dissolve must be based on evidence of a change in conditions occurring after entry of the temporary injunction with notice. Spaulding v. Estate of Frey, 666 So.2d 935, 936 (Fla. 5th DCA 1995), McCahill v. Braishfield Assocs., Inc., 661 So.2d 399 (Fla. 5th DCA 1995); Miller v. Jacobs and Goodman, P.A., 639 So.2d 1088 (Fla. 5th DCA 1994). This being the law of this district, a temporary injunction hearing after notice must be conducted with sufficient advance warning, opportunity to be heard and ability to create a record to afford the defendant the fair hearing that due process requires.