703 So.2d 1117 (1997)
Kathy D. HARRISON, Appellant,
v.
PALM HARBOR MRI, INC., Appellee.
No. 97-00845.
District Court of Appeal of Florida, Second District.
November 12, 1997.
*1118 Jawdet I. Rubaii and Jack F. White, III of Jawdet I. Rubaii, P.A., Clearwater, for Appellant.
No appearance for Appellee.
CAMPBELL, Judge.
In this action on a covenant not to compete, appellant/employee challenges the trial court order granting appellee/employer a temporary injunction. Appellant maintains that the injunction was procedurally and substantively deficient. Appellee has not filed a brief. While the procedural defects are not fatal, we conclude that the substantive defects require us to reverse and remand for further proceedings.
Appellant had worked for appellee soliciting doctors to use appellee's MRI equipment. During the course of her employment, she signed a noncompete agreement with appellee. Subsequently, according to appellant, appellee's president began sexually harassing her, resulting in appellant's eventual resignation. She then went to work for Gulf to Bay Diagnostics, doing the same thing she had done for appellee.
Believing appellant's employment with Gulf to Bay Diagnostics was a violation of the noncompete agreement, appellee filed a complaint in which it sought an injunction, based on the noncompete agreement, to prohibit appellant from soliciting doctors to use Gulf to Bay Diagnostics' MRI equipment. The unverified complaint alleged that there was no adequate remedy at law, that money damages were inadequate, and that appellee would suffer irreparable harm if the injunction were not issued. According to appellant's brief, the complaint was filed on December 31, 1996. (The complaint in the record contains no file stamp). Appellee mailed its notice of hearing for an emergency injunction on January 8, 1997, notifying appellant of a fifteen-minute hearing that had been scheduled for January 15, 1997.
At the January 15, 1997, hearing, appellee's attorney examined appellant, the court examined appellant, and the court issued the injunction. Appellant's attorney did not present any evidence. Appellant testified that she had signed the noncompete agreement, but that she had solicited business for Gulf to Bay Diagnostics because she considered the noncompete agreement void as a result of appellee's president's sexual harassment of her. In rejecting this argument, the court stated that the sexual harassment claim did not void earlier agreements between the parties, and that, in any event, there were other remedies for sexual harassment. Given the additional fact that appellant had admitted signing the agreement and had admitted violating it by soliciting MRI business for Gulf to Bay Diagnostics, the court concluded that a temporary injunction was appropriate.
We address appellant's procedural concerns first. Although appellant maintains that the absence of a motion requesting an injunction invalidates the temporary injunction entered, that is incorrect. The absence of a motion requesting a temporary injunction does not invalidate the procedure where, as here, the complaint requests injunctive relief and makes the required allegations. Florida Rule of Civil Procedure 1.610 specifically states that an affidavit or verified pleading is sufficient to grant relief without notice. The case appellant cites in support of her position, Lingelbach's Bavarian Restaurants, Inc. v, Del Bello, 467 So.2d 476 (Fla. 2d DCA 1985), presented a different situation than the one here. In Lingelbach's, since there was no prayer for an injunction in the complaint, a motion requesting the injunction was necessary for relief. Lingelbach's did not state that a complaint was not acceptable, only that a motion was appropriate. We are unwilling to reach the anomalous result sought by appellantthat a complaint, making the proper allegations and prayer for the granting of an injunction, is insufficient. The pleading only need be verified if relief is to *1119 be granted without notice. Since there was notice here, the absence of verification is irrelevant.
Appellant's next contention, that she did not receive proper notice, is belied by the fact that the notice of hearing was served seven days before the hearing. Rule 1.610 requires "reasonable notice." Under Pecora v. Pecora, 697 So.2d 1267 (Fla. 5th DCA 1997), reasonable notice is defined as that notice that provides a "meaningful opportunity to prepare and to defend against the allegations of the motion or complaint. It means the ability to offer evidence and to secure a record of the proceedings." 697 So.2d at 1268. We believe that seven days was sufficient under that standard.
Although appellant also maintains that Florida Rule of Civil Procedure 1.440 should have been applied, rule 1.440 is the rule for setting the case for trial, and this case was not being set for trial. While the complaint here had requested an injunction, the January 15, 1997, hearing was set to consider appellee's request for a temporary injunction. This was not a trial on the merits.
Further, while appellee's notice of hearing was styled as an emergency, since appellant had notice and was present, the hearing was not conducted ex parte and was not an emergency
Having found the notice and pleadings sufficient, we now turn to the substantive issues raised. To begin with, the court's written order was defective since it failed to make specific findings regarding irreparable harm, inadequate remedy at law, substantial likelihood of success on the merits and considerations of public policy. See Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976 (Fla. 2d DCA 1994). Unlike Richard, however, where Judge Quince was able to conclude that the record supported those required findings, we cannot be certain that the record would support those findings here.
Our primary concern is that appellant raised a potential affirmative defense that the court did not consider. Although appellant argued that the contract was breached by appellee's president's sexual harassment of her, the court did not allow further evidence on this point. The court was incorrect when it commented that there are other remedies for sexual harassment, implying that breach of contract is not one of them. The Florida Supreme Court has held that workers' compensation is not the sole remedy where an employee claims assault, intentional infliction of emotional distress, and battery arising from alleged instances of sexual harassment. See Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla.1989). Accordingly, appellant may have an affirmative defense that she was not allowed to present. We, therefore, reverse the temporary injunction and remand to the trial court for further proceedings to determine the viability of that claim. See Sarasota Beverage Co. v. Johnson, 551 So.2d 503 (Fla. 2d DCA 1989); Cordis Corp. v. Prooslin, 482 So.2d 486 (Fla. 3d DCA 1986).
We also note, however, that a breach of contract claim may not be brought on a contract that is not of definite duration. See DeMarco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978). While the contract here provides a specific term, it allows either party to terminate the employment upon thirty days' notice. If the contract, as a whole, is not enforceable, the court must then consider whether the covenant not to compete is severable and enforceable on its own. There is no severability provision in the contract. We believe that these are issues best disposed of by the trial court in its capacity as trier of fact.
Since the court erred in concluding that appellant was not permitted to raise her sexual harassment claim as an affirmative defense, we remand to the trial court with directions that the court conduct a full evidentiary hearing at which it considers the viability of appellant's sexual harassment claim as an affirmative defense and the issue of severability if applicable.
Reversed and remanded.
PARKER, C.J., and QUINCE, J., concur.