GOSHORN, Judge.
The Department of Highway Safety and Motor Vehicles appeals from an order granting Appellee’s emergency request for an injunction and a stay of the suspension of her driver’s license. We reverse due to the lack of compliance with the notice and specificity provisions of Florida Rule of Civil Procedure 1.610, which sets forth the prerequisites to the issuance of a temporary injunction.
Appellee’s “Emergency Request for Injunction and Stay of Suspension” did not contain any basis for waiving the notice requirement. The certificate of service states that notice was mailed on Friday, November 21, 1997; the Department did not receive it until the day after entry of the injunction on November 25, 1997. This was not meaningful notice. See Pecora v. Pecora, 697 So.2d 1267, 1268 (Fla. 5th DCA 1997) (“Notice means reasonable notice, including a meaningful opportunity to defend against the alle *1150 gations of the motion or complaint. It means the ability to offer evidence and to secure a record of the proceedings.”); Security Aluminum Windows v. Smith, 381 So.2d 300 (Fla. 1st DCA 1980) (written notice received one day before hearing held inadequate).
Additionally, the injunction order merely states that the court had reviewed Appellee’s request and that the Department was enjoined from further suspending her license. It fails to specify the reasons for its entry as required by the rule.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.