PER CURIAM.
Appellants, former employers of appel-lee, a medical doctor, sought a preliminary injunction to enforce a covenant-not-to-compete which appellee signed when she began working for appellants. During the hearing on appellants’ Motion for Temporary Injunction, the appellee raised several issues in an effort to have the motion denied. In denying appellants’ motion for preliminary injunction, the trial court only cited one of the grounds argued by the appellee, to-wit: enforcement of the covenant was contrary to “the public health, safety and welfare.” § 542.335(f), Fla. Stat. (1997). However, the record reflects that the sole ground cited by the trial court for denying the preliminary injunction relates to “patient preference” rather than “the public health, safety, and welfare.” Cf. Lloyd Damsey, M.D., P.A. v. Mankowitz, 339 So.2d 282 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 421 (Fla.1977)(finding that the covenant would jeopardize the public health of the community where the testimony presented revealed a compelling need for the employee’s services as a surgeon in the area). Accordingly, the Order under review must be reversed, with this cause being remanded to the trial court for further proceedings.
On remand, the trial court should rule on each of the other grounds raised by the appellee in opposition to appellants’ motion for preliminary injunction. See Harrison v. Palm Harbor MRI, Inc., 703 So.2d 1117 (Fla. 2d DCA 1997); Cordis Corp. v. Prooslin, 482 So.2d 486 (Fla. 3d DCA 1986). If the trial court determines that any of those grounds support denial of appellants’ motion, then the trial court shall enter an Order accordingly. If, on the other hand, the trial court finds that none of the other arguments presented by the appellee would support a denial of appellants’ motion, the trial court would be obligated to grant the motion and enter the injunction sought by appellants. Naturally, nothing herein should be construed as preventing the trial court from holding such further hearings as the court might deem necessary in accomplishing the foregoing.
Reversed and remanded with directions.