748 So.2d 358 (1999)
FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., Appellant,
v.
Alyssa BENITEZ, Appellee.
No. 99-265.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
Leonard E. Ireland, Jr., of Clayton, Johnston, Quincey, Ireland, Felder, Gadd & Roundtree, P.A., Gainesville, for Appellant.
Gus R. Benitez and Roger B. Butcher of Benitez & Butcher, P.A., Orlando, for Appellee.

ON MOTION FOR REHEARING
ANTOON, C.J.
We grant the appellee's motion for rehearing because she is correct in arguing that inaccuracies appear in our earlier opinion, including the name of the trial judge. Unfortunately, the signature of Circuit Judge Thomas G. Freeman appears above the bold typed name of Circuit Judge Gene Stephenson, who had earlier recused himself from the case, and we inadvertently stated that Judge Stephenson had entered the injunction order which is at issue here. In order to correct our errors, we withdraw our earlier opinion and substitute this opinion in its place.
Florida High School Activities Association, Inc., (FHSAA) appeals the temporary injunction entered by the trial court prohibiting *359 it from excluding Alyssa Benitez, a Lake Mary High School student, from participating as a member of the Lake Mary High School's varsity soccer team for the remainder of the team's season. We reverse because the trial court failed to comply with the requirements set forth in rule 1.610(a) of the Florida Rules of Civil Procedure relating to the entry of an ex parte temporary injunction.
After FHSAA suspended Ms. Benitez from Lake Mary High School's varsity soccer team for using profane language regarding the officiating during a post-season match, counsel for Ms. Benitez filed a "Verified Complaint and Petition for Declaratory and Injunctive Relief" in the Seminole County circuit court seeking an order directing FHSAA to allow her to continue to play. By facsimile, counsel transmitted the complaint to FHSAA at its offices in Gainesville at 10:19 a.m. on February 9, 1999. That same day a notice of hearing was sent by facsimile to FHSAA at 11:08 a.m. giving notice that a hearing on the request for temporary injunction would be held at 1:30 p.m. that afternoon before Judge Freeman. In response, at 12:34 p.m., FHSAA sent to Judge Freeman by facsimile a Motion to Quash Notice of Hearing and Motion to Appear at Hearing by Telephone. The order granting the temporary injunction states that it was entered by Judge Freeman on February 9th at 1:30 p.m.
A party seeking injunction may, under certain narrow circumstances, be entitled to receive an ex parte hearing on his request provided that he complies with the procedure set forth in Florida Rule of Civil Procedure 1.610:
Rule 1.610. Injunctions
(a) Temporary Injunction.
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.
Because a temporary injunction without notice is an extraordinary remedy, it should be granted sparingly and only upon strict compliance with rule 1.610.
Here, Miss Benitez' attorney failed to certify in writing any efforts that had been made to give adequate notice to FHSAA. See State v. Beeler, 530 So.2d 932 (Fla.1988); Fla. R. Civ. P. 1.610(a)(1)(B)-(C). The late notice to FHSAA by facsimile does not constitute adequate notice under the facts of this case. Notice for temporary injunction purposes means a meaningful opportunity to prepare in order to present evidence and secure a record of the proceedings. See Harrison v. Palm Harbor, MRI, Inc., 703 So.2d 1117, 1119 (Fla. 2d DCA 1997). There appears to have been no effort to provide FHSAA with a meaningful opportunity to be heard prior to entry of the temporary injunction. Furthermore, a temporary injunction can be granted without notice in certain emergency circumstances only if the movant's attorney certifies *360 in writing the efforts made to give notice and the reasons why notice should not be required. See Fla. R. Civ. P. 1.610. No such certification was made by Ms. Benitez' counsel.
In closing, we note that apparently as a result of the instant injunction Ms. Benitez was authorized to continue playing soccer for her school's team until the season concluded. Obviously, this opinion cannot change that fact. However, the result may have been different had FHSAA been afforded due process in accordance with the provisions of rule 1.610 of the Florida Rules of Civil Procedure. We issue this opinion as a reminder of the importance of that procedure.
REVERSED.
HARRIS and PETERSON, JJ., concur.