STRINGER, Judge.
Clara Cortina seeks review of the trial court’s order granting a temporary injunction enforcing a noncompete agreement in favor of The Staffing Source, Inc. We reverse because The Staffing Source failed to provide Cortina with sufficient notice of the hearing on the temporary injunction.
Florida Rule of Civil Procedure 1.610 requires reasonable notice before a hearing on a complaint for temporary injunction.[1] Harrison v. Palm Harbor MRI, Inc., 703 So.2d 1117, 1119 (Fla. 2d DCA 1997); Fla. High Sch. Activities Ass’n, Inc. v. Benitez, 748 So.2d 358, 359 (Fla. 5th DCA 1999). “[Reasonable notice is defined as that notice that provides a ‘meaningful opportunity to prepare and to defend against the allegations of the motion or complaint. It means the ability to offer evidence and to secure a record of the proceedings.’ ” Harrison, 703 So.2d at 1119 (quoting Pecora v. Pecora, 697 So.2d 1267, 1268 (Fla. 5th DCA 1997)). The Fifth District has offered the following explanation for the reasonable notice requirement in temporary injunction cases:
[Reasonable notice] is especially important because of the heavy burden this court places on a litigant who seeks to dissolve a temporary injunction after a hearing conducted with notice. This court has ruled repeatedly that any argument or evidence that could have been offered at the initial temporary injunction hearing cannot be the basis of a motion to dissolve. A motion to dissolve must be based on evidence of a change in conditions occurring after entry of the temporary injunction with notice.
Pecora, 697 So.2d at 1268 n. 3. Thus, courts have held that notice given on the same day as a hearing was insufficient. See Benitez, 748 So.2d at 360; Pecora, 697 So.2d at 1269. In contrast, this court has held that seven days’ notice of a hearing on a temporary injunction was “reasonable.” See Harrison, 703 So.2d at 1119.
In this case, Cortina was given notice at 10:55 a.m. on the day before the 11:25 a.m. hearing. At the hearing, Corti-na told the court that she needed time to procure the services of an attorney so that she could properly prepare and defend against the allegations of the complaint. While nine business hours is not as egregious as the same day notice provided in Benitez and Pécora, it is clear that it did not provide Cortina with enough time to secure an attorney and collect evidence to defend against the complaint.
Accordingly, we reverse and remand for a new hearing on the complaint for temporary injunction. Our reversal renders Cortina’s remaining issues moot, but we remind the trial court that “[c]lear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a *375 temporary injunction.” Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994).
Reversed and remanded.
ALTENBERND, C.J., and NORTHCUTT, J., Concur.

. Florida Rule of Civil Procedure 1.610(a) provides for a temporary injunction without notice, but that provision is not at issue here since the pleadings do not contain the assertions required by the rule.