932 So.2d 314 (2006)
FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, Appellant,
v.
Shelby MANDER, by and through A.R. MANDER, Appellee.
No. 2D05-4062.
District Court of Appeal of Florida, Second District.
February 1, 2006.
Rehearing Denied March 8, 2006.
Leonard E. Ireland, Jr., Gainesville, for Appellant.
Daniel L. Dwyer of Greenfelder, Mander, Murphy, Dwyer & Morris, Dade City, for Appellee.
CASANUEVA, Judge.
The Florida High School Activities Association (FHSAA) has appealed from an order temporarily enjoining it from prohibiting a private-school student from playing *315 volleyball on a public middle-school team. Because the temporary restraining order was entered without reasonable notice to the FHSAA and without requiring the plaintiff to post a bond, it is legally insufficient and must be reversed.
This action began when Shelby Mander, a student at East Pasco Adventist Academy, filed an action by and through A.R. Mander seeking to enjoin the FHSAA from barring her from participating in volleyball or any other activity offered by Centennial Middle School, a public-school member of the FHSAA. She filed a verified motion for temporary injunction on August 9, 2005, the date on which volleyball practice commenced at Centennial. The court immediately issued a temporary restraining order against the FHSAA.
Florida Rule of Civil Procedure 1.610(a)(1) requires that a temporary injunction can be granted without written or oral notice to the adverse party only if it appears that "immediate and irreparable injury ... will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required."
Here, FHSAA was not given reasonable notice or an opportunity to respond to the matters raised in the motion for temporary injunction. Miss Mander's attorney filed the following certification with the motion:
Pursuant to Rule 1.610(a)(1)(B), Fla. R. Civ. P., the undersigned certifies that telephone conversations have taken place with representatives of the FHSAA concerning this suit. The complaint, summons and this motion have been faxed and mailed to the representatives of the respective Defendants on the date the complaint and this motion were filed.
The motion was filed in Pasco County without sufficient notice to give the FHSAA, an out-of-town government agency with an out-of-town lawyer, a practical opportunity to present its opposition. Furthermore, the certification filed by Miss Mander's attorney recites no adequate reasons why notice to the opposing party should not be required. Although the movant avers that volleyball practice began at 3 p.m. on the date the motion was filed, the certificate does not explain why it was necessary or reasonable for Miss Mander's attorney to delay until the eleventh hour rather than filing the motion with sufficient time for the FHSAA to prepare its own evidence and arguments. Miss Mander's failure to file this action promptly so as to avoid a conflict with volleyball practice is not the FHSAA's emergency.
This case bears many similarities to Florida High School Activities Ass'n v. Benitez, 748 So.2d 358, 359 (Fla. 5th DCA 1999), which also found the notice for temporary injunction to be legally insufficient:
The late notice to FHSAA by facsimile does not constitute adequate notice under the facts of this case. Notice for temporary injunction purposes means a meaningful opportunity to prepare in order to present evidence and secure a record of the proceedings. See Harrison v. Palm Harbor MRI, Inc., 703 So.2d 1117, 1119 (Fla. 2d DCA 1997). There appears to have been no effort to provide FHSAA with a meaningful opportunity to be heard prior to entry of the temporary injunction.
In addition to issuing an order with insufficient notice to the opposing party, the court also erred when it failed to set a bond as required under Florida Rule of Civil Procedure 1.610(b). An injunction is defective if it does not require the movant *316 to post a bond. "The trial court cannot waive this requirement nor can it comply by setting a nominal amount." Bellach v. Huggs of Naples, Inc., 704 So.2d 679, 680 (Fla. 2d DCA 1997) (citing Wasserman v. Gulf Health, Inc., 512 So.2d 234, 235 (Fla. 2d DCA 1987)). Should the trial court enter a legally sufficient order on remand, all parties must be given an opportunity to present evidence as to the appropriate amount of a bond.
Reversed and remanded for further proceedings.
ALTENBERND and WHATLEY, JJ., Concur.