978 So.2d 198 (2008)
NELSON TREE SERVICE, INC., Appellant,
v.
Randall GRAY and Owen Specialty Services, Inc., Appellees.
No. 1D07-4704.
District Court of Appeal of Florida, First District.
March 13, 2008.
Rehearing Denied April 8, 2008.
*200 John W. Campbell, Angelique Groza Lyons, and Sharonda P. Mills of Constangy, Brooks & Smith, LLC, Tampa, for Appellant.
Leonard E. Ireland, Jr., of Clayton-Johnston, P.A., Gainesville, for Appellees.
ROBERTS, J.
In this action on a noncompete agreement, the appellant, Nelson Tree Service, Inc. (NTS), appeals the trial court's order denying its amended motion for preliminary injunctive relief against the appellees, Randall Gray and Owen Specialty Services, Inc. (OSS). We agree and reverse.
NTS first argues that the trial court erred in finding that its claim for preliminary injunctive relief against OSS could not stand because it did not plead for such relief in its complaint. The parties agreed that Florida law controls on this issue. Generally a trial court's denial of a motion for preliminary injunctive relief is reviewed under the abuse of discretion standard. See Neal v. Neal, 636 So.2d 810, 813 (Fla. 1st DCA 1994). However, in the instant case, the denial rests on purely legal matters and is, therefore, reviewed de novo. See generally Smith v. Coalition to Reduce Class Size, 827 So.2d 959, 961 (Fla.2002).
Although it is true that NTS did not include a claim for injunctive relief against OSS in its complaint, it did include such claim in its amended motion for preliminary injunctive relief. This was sufficient. See Lingelbach's Bavarian Rests., Inc. v. Del Bella, 467 So.2d 476, 479 (Fla. 2d DCA 1985) (holding that a motion for preliminary injunction is the appropriate mechanism for seeking that form of relief).
Additionally, rule 1.610(a)(2) of the Florida Rules of Civil Procedure requires "reasonable notice," defined as notice that provides a "meaningful opportunity to prepare and defend against the allegations of the motion or complaint. It means the ability to offer evidence and to secure a record of the proceedings." Harrison v. Palm Harbor MRI, Inc., 703 So.2d 1117 (Fla. 2d DCA 1997) (quoting Pecora v. Pecora, 697 So.2d 1267 (Fla. 5th DCA 1997)). In Harrison, the court held that seven days was sufficient under *201 that standard. In the instant case, the notice of hearing was served 20 days before the continued hearing. Thus, under Harrison, OSS had more than reasonable notice. Additionally, OSS was represented by counsel at the hearing and evidence was presented on its behalf.
NTS next argues that the trial court erred in finding that it did not prove by clear and convincing evidence that irreparable harm would result unless a preliminary injunction was issued against Mr. Gray. The parties agreed that Ohio law controls on this issue. Under Ohio law, a trial court's denial of a motion for preliminary injunction is reviewed for abuse of discretion. See Corbett v. Ohio Bldg. Auth., 86 Ohio App.3d 44, 619 N.E.2d 1145, 1148-49 (1993). Whether the trial court applied the correct legal standard is a question of law reviewed de novo.
In Corbett, the court explained:
In general, courts will consider the following factors in deciding whether to grant injunctive relief: (1) the likelihood or probability of a plaintiff's success on the merits; (2) whether the issuance of the injunction will prevent irreparable harm to the plaintiff; (3) what injury to others will be caused by the granting of the injunction; and (4) whether the public interest will be served by the granting of the injunction.
Id. at 1148 (citations omitted). In Procter & Gamble v. Stoneham, the court explained
In actions to enforce covenants not to compete, Ohio courts have held that an actual threat of harm exists when an employee possesses knowledge of an employer's trade secrets and begins working in a position that causes him or her to compete directly with the former employer or the product line that the employee formerly supported. Although the courts do not refer to this evidentiary proposition as "inevitable use" or "inevitable disclosure," the concepts are the same. According to the inevitable-disclosure rule, a threat of harm warranting injunctive relief can be shown by facts establishing that an employee with detailed and comprehensive knowledge of an employer's trade secrets and confidential information has begun employment with a competitor of the former employer in a position that is substantially similar to the position held during the former employment.
140 Ohio App.3d 260, 747 N.E.2d 268, 278-79 (2000).
In determining whether a trade secret exists, a trial court must consider: (1) the extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information withheld from competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information. See id. at 272, 747 N.E.2d 268 (citing Pyromatics, Inc. v. Petruziello, 7 Ohio App.3d 131, 454 N.E.2d 588, 592 (1983)).
In the instant case, the trial court did not indicate whether it considered the existence of a trade secret. From the record, it appears that Mr. Gray may have possessed knowledge of NTS's trade secrets. In its order denying NTS's amended motion for preliminary injunctive relief against Mr. Gray, the trial court stated only that NTS failed to prove by clear and convincing evidence that irreparable harm would result unless an injunction was issued. *202 Before reaching this step in the analysis, the trial court should have determined whether or not Mr. Gray possessed NTS's trade secrets. Failure to do so was error.
REVERSED and REMANDED for further proceedings consistent with this opinion.
KAHN and WEBSTER, JJ., concur.