On Motion Requesting Issuance of Written Opinion

WARNER, J.
Appellants filed a motion requesting issuance of a written opinion pursuant to Florida Rule of Appellate Procedure 9.330(a). We withdraw our previously issued opinion and substitute the following in its place.
The appellants challenge a temporary injunction, claiming they did not have notice of the hearing, thereby denying them due process. Because notice was sent to their attorney with an adequate amount of time to prepare and attend the hearing, we affirm.
In December 2004, the Lamours, who own a lot in the Deer Run community in Loxahatchee, Florida, sued the Deer Run Property Owners Association regarding use of an easement. The Lamours’ lot has a recorded easement for a road called Buck Ridge Trail across it. The easement is set forth in the declaration of covenants and restrictions for the Deer Run community.
On March 15, 2007, while the declaratory judgment action was pending, the Lam-ours placed two large piles of dirt across the road easement to block it. The next day, a Friday, Deer Run filed an emergency motion for temporary injunction against the Lamours to prevent this blockade of the easement which interfered with access by emergency vehicles to other properties in the development.
On that Friday morning, Deer Run obtained a hearing date and faxed a notice of hearing to the Lamours’ attorney at 9:23 a.m. The notice stated that the hearing would be held on Monday, March 19, 2007 at 10:00 a.m. The attorney for the Lamours did not appear at the hearing the following Monday. The trial court conducted the evidentiary hearing and entered an order granting temporary injunc-tive relief against the Lamours. The order recited that the plaintiffs had been given notice but did not appear.
The Lamours filed a motion to dissolve the temporary injunction in November 2007, some six months after its entry. At the hearing on this motion to dissolve, held in September 2008 (seventeen months after its entry), they asserted their attorney had been out of town on a ski trip and that his office was closed between March 16 and March 19. However, he had not filed *448 a notice of unavailability.[1] Because their attorney did not receive actual notice, they claimed that the court erred in continuing with the temporary hearing. The trial court denied the motion to dissolve, prompting this non-final appeal. See Fla. R.App. P. 9.130(a)(3)(B).
The trial court did not abuse its discretion in denying the motion to set aside or vacate the temporary injunction which had been entered more than seventeen months earlier on March 19, 2007. The Lamours’ attorney was faxed the notice on March 16, 2007, some three days prior to the hearing. The fact that the attorney did not receive the fax because he was out of town, and apparently left no one in charge of his office, does not change the fact that proper notice was given to the attorney.
Florida Rule of Civil Procedure 1.080(b) provides:
When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney.... Service on the attorney or party shall be made by delivering a copy.... Delivering a copy within this rule shall be complete upon: ... (5) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete. Service by delivery after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
The fax by Deer Run’s lawyer to the Lamours’ lawyer arrived at 9:23, and thus delivery was complete at that time. The notice was sent within a reasonable time prior to the hearing and provided sufficient time for preparation to defend against the motion. For an emergency hearing on a temporary injunction, the notice given was reasonable. See Fla. R. Civ. P. 1.610(a)(2).
The cases cited by the Lamours are all distinguishable. In Pecora v. Pecora, 697 So.2d 1267 (Fla. 5th DCA 1997), the court concluded that an injunction was entered without notice, when the judge merely telephoned the parties to discuss the merits on the day the order was entered. Nevertheless, the court affirmed the temporary injunction because it satisfied the requirements of an injunction without notice. In Florida High School Activities Ass’n v. Benitez, 748 So.2d 358 (Fla. 5th DCA 1999), a complaint for an injunction was faxed to FHSAA at its offices in Gainesville at 10:19 a.m. That same day at 11:08 a.m., a notice of hearing on the request for injunction was sent giving notice of a hearing at 1:30 that afternoon. The court held this was not adequate notice. In contrast, Deer Run provided an entire business day plus two weekend days of notice. Cortina v. Staffing Source, Inc., 843 So.2d 373 (Fla. 2d DCA 2003), involved a notice of hearing for a temporary injunction provided to an unrepresented defendant at 10:55 a.m. for a hearing at 11:25 a.m. the following day. At the hearing the defendant requested a continuance so she could find an attorney to represent her but the trial court entered the injunction. The Second District determined that the amount of time was unreasonable where the defendant had to both obtain the ser *449 vices of an attorney and collect evidence to defend the complaint. As the Lamours were represented and did not need to find counsel, we conclude that reasonable notice was given of the hearing on the tempo-' rary injunction.
The Lamours also complain that no transcript is available of the hearing on the temporary injunction. No rule requires a transcript. What the rule requires is that an injunction order specify the reasons for its entry, describing in detail the acts sought to be restrained. The trial court entered a lengthy order including all of the facts upon which the injunction was entered.

Affirmed.

STEVENSON and DAMOORGIAN, JJ., concur.

. We do not rule, however, that such a notice would have been adequate to prevent the scheduling of the temporary injunction hearing. See Delio v. Landman, 987 So.2d 733, 734 n. 1 (Fla. 4th DCA 2008).