DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

SURGRET URANIA DOSS,

Petitioner,

v.

AUSTIN ROE BASQUILL, P.A.; JOHN H. SHIM,
M.D., P.A.; SHIM MEDICAL, LLC d/b/a SHIMSPINE; DR. JOHN H.
SHIM, M.D.; STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY; LINDA TUCKER; and THE UNITED STATES
GOVERNMENT d/b/a THE DEPARTMENT OF VETERAN AFFAIRS,

Respondents.

No. 2D2025-1892
_____

April 10, 2026

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Paul L. Huey, Judge.

Surgret Urania Doss, pro se.

Craig E. Zyburo and Raymond A. Haas of HD Law Partners, Tampa, for
Respondents, Dr. John H. Shim, M.D., P.A., Shim Medical, LLC d/b/a
Shimspine, and Dr. John H. Shim, M.D., an individual.

No appearance for remaining Respondents.

PER CURIAM.

Surgret Urania Doss seeks our review of the trial court Order
Granting Defendants Dr. John H. Shim, M.D., P.A.; Shim Medical, LLC;
and Dr. John H. Shim, M.D.'s. Motion for the Imposition of an Injunctive
Sanction Order.  Mr. Doss filed a petition for writ of certiorari; however,

we treat the petition as an appeal pursuant to Florida Rule of Appellate Procedure 9.130 because the order below was granted pursuant to Florida Rule of Civil Procedure 1.610 and provided injunctive relief. *See* Fla. R. App. P. 9.130(a)(3)(B) (authorizing appeals of orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions"); *see also* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought . . . ."). The order is erroneous on its face.

"[T]emporary injunctions must strictly comply with Florida Rule of Civil Procedure 1.610." *Marlette v. Carullo*, 351 So. 3d 1193, 1195 (Fla. 2d DCA 2022) (citing *Phelan v. Trifactor Sols., LLC*, 312 So. 3d 1036, 1038 (Fla. 2d DCA 2021)). Rule 1.610(c) directs that "[e]very injunction shall specify the reasons for entry." The order before us is devoid of any factual findings to support the injunction and does not even purport to incorporate any oral findings the trial judge might have made. On this basis we are compelled to reverse. *See Phelan*, 312 So. 3d at 1039 ("A temporary injunction that does not include specific findings on each of the required elements needed for issuance of an injunction must be reversed."); *Williams v. Victim Just., P.C.*, 198 So. 3d 822, 826 (Fla. 2d DCA 2016) (reversing and remanding for further proceedings where the trial court's order failed to "recite sufficient factual findings to show us that appellees satisfied each element needed for entry of a temporary injunction").

The trial court further erred in entering the injunction without requiring a bond as required by rule 1.610(b). *See Williams*, 198 So. 3d at 826 ("We must also note that Florida Rule of Civil Procedure 1.610(b) requires that a bond be set for the issuance of a temporary injunction. The trial court did not require a bond. This, too, was error."); *Forrest v.*

*Citi Residential Lending, Inc.,* 73 So. 3d 269, 279 (Fla. 2d DCA 2011) ("An injunction is defective if it does not require the movant to post a bond. The trial court cannot waive this requirement nor can it comply by setting a nominal amount." (citation modified) (quoting *Fla. High Sch. Activities Ass'n v. Mander,* 932 So. 2d 314, 315–16 (Fla. 2d DCA 2006))).

Accordingly, we reverse the order and remand for further proceedings. Because the order below is insufficient to allow meaningful appellate review, we decline to address the merits of the parties' remaining arguments.

Reversed and remanded.

LUCAS, C.J., and LaROSE and MORRIS, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.